Dean A. Reeves (SBN 150558)
dreeves@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROBERT HEINTZE, an individual,

Plaintiff,

v.

WELLS FARGO BANK, N. A., successor in interest to WACHOVIA MORTGAGE, FSB, successor in interest to WORLD SAVINGS BANK, FSB; RTS PACIFIC, INC., a Washington Corporation; and all persons or entities unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in this complaint adverse to Plaintiff's title thereto, and DOES 1 through 25, inclusive,

Defendants.

CASE NO.: 2:15-cv-01238-MMM-MAN

**WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

[Filed with separate Request For Judicial Notice]

Date: June 22, 2015
Time: 10:00 a.m.
Ctrm: 780

[*Assigned for All Purposes to: Hon. Margaret M. Morrow*]

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on June 22, 2015, at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 780 of the above-entitled Court, located at 255 East Temple Street, Los Angeles, California 90012,



ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo") will move to dismiss each claim for relief in the First Amended Complaint. The grounds for this motion to dismiss, brought pursuant to Federal Rules of Civil Procedure 12(b)(6), are:

First Claim for Relief: Wrongful Foreclosure (Cal. Civil Code §2923.6)

The complaint fails to state a claim because: (i) Plaintiff has not documented a material change in financial circumstances for another loan modification review; (ii) the complaint fails to allege a factual or legal basis for the claim; and (iii) the claim is not plead with adequacy or particularity.

Second Claim for Relief: Failure to Engage in Loss Mitigation (Cal. Civil Code § 2923.55)

The complaint fails to state a claim because: (i) Plaintiff has failed to allege a material violation of the statute; (ii) Plaintiff has failed to allege that violation of the statute was the cause of actual economic damages; (iii) the statute does not apply retroactively; (iv) the complaint fails to allege a factual or legal basis for the claim; and (v) the claim is not plead with adequacy or particularity.

Third Claim for Relief: Fraud

The complaint fails to state a claim because: (i) the claim is barred by the applicable statute of limitations; (ii) Plaintiff fails to allege a factual or legal basis for the claim; (iii) the claim is not pled with adequacy or particularity; (iv) Plaintiff fails to plead the required elements; and (v) Plaintiff fails to plead facts sufficient to constitute a claim upon which relief can be granted.

Fourth Claim for Relief: Violation of Fair Debt Collection Practices Act

The complaint fails to state a claim because: (i) the claim is barred by the applicable statute of limitations; (ii) Plaintiff fails to allege a factual or legal basis for the claim; (iii) the claim is not pled with adequacy or particularity; (iv) Plaintiff

fails to plead the required elements; and (v) Plaintiff fails to plead facts sufficient to constitute a claim upon which relief can be granted.

Fifth Claim for Relief: Violation of Truth in Lending Act

The complaint fails to state a claim because: (i) the claim is barred by the applicable statute of limitations; (ii) Plaintiff fails to allege a factual or legal basis for the claim; (iii) the claim is not pled with adequacy or particularity; (iv) Plaintiff fails to plead the required elements; and (v) Plaintiff fails to plead facts sufficient to constitute a claim upon which relief can be granted.

Sixth Claim for Relief: Violation of Bus. & Prof. Code § 17200 *et seq.* in Loan Servicing

The complaint fails to state a claim because: (i) Plaintiff lacks standing; (ii) Plaintiff fails to allege a factual or legal basis for the claim; (iii) the claim is not pled with adequacy or particularity; (iv) Plaintiff fails to plead the required elements; and (v) Plaintiff fails to plead facts sufficient to constitute a claim upon which relief can be granted.

Seventh Claim for Relief: Negligence

The complaint fails to state a claim because: (i) Wells Fargo did not owe Plaintiff a tort duty of care; (ii) Plaintiff has not alleged any injury; (iii) the complaint fails to allege a factual or legal basis for the claim; and (iv) the claim is not plead with adequacy or particularity.

Eighth Claim for Relief: Quiet Title

The complaint fails to state a claim because: (i) Plaintiff fails to allege a factual or legal basis for the claim; (ii) the claim is not pled with adequacy or particularity; (iii) Plaintiff fails to plead the required elements; and (iv) Plaintiff fails to plead facts sufficient to constitute a claim upon which relief can be granted; and (v) Plaintiff has not tendered his outstanding indebtedness.

Ninth Claim for Relief: Declaratory Relief

The complaint fails to state a claim because: (i) Plaintiff fails to allege a factual or legal basis for the claim; (ii) the claim is not pled with adequacy or particularity; (iii) Plaintiff fails to plead the required elements; and (iv) Plaintiff fails to plead facts sufficient to constitute a claim upon which relief can be granted; and (v) Plaintiff has not tendered his outstanding indebtedness.

This motion is based on this notice of motion and motion, the attached memorandum of points and authorities, the accompanying request for judicial notice and exhibits thereto, the documents on file in this action, the argument of counsel, and on such other information as the Court may deem appropriate.

Compliance with Local Rule 7-3. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 24, 2014. The parties were unable to resolve the issues raised by this motion.

Respectfully submitted,

Dated: April 3, 2015

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s/ Dean A. Reeves

Dean A. Reeves
dreeves@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB

# TABLE OF CONTENTS

Page


MEMORANDUM OF POINTS AND AUTHORITIES .......... 1

I. INTRODUCTION .......... 1

II. SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS .......... 1

A. Plaintiff's Loan. .......... 1

B. History of Wells Fargo's predecessors in interest. .......... 2

III. LEGAL STANDARD .......... 2

IV. PLAINTIFF'S ORIGINATION CLAIMS ARE TIME BARRED .......... 3

V. THE FAC DOES NOT STATE A CLAIM FOR WRONGFUL FORECLOSURE FOR VIOLATION OF CIVIL CODE § 2923.6 .......... 7

VI. THE FAC DOES NOT STATE A CLAIM FOR "FAILURE TO ENGAGE IN LOSS MITIGATION" .......... 8

VII. THE FAC DOES NOT STATE A FRAUD CLAIM .......... 10

A. The Claims Lack Particularity .......... 10

B. No reliance by Plaintiff. .......... 11

C. Claim based on incorrect reinstatement .......... 12

VIII. THE FAC FAILS TO STATE A CLAIM FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT .......... 13

IX. THE FAC FAILS TO STATE A CLAIM FOR VIOLATION OF THE TRUTH IN LENDING ACT .......... 14

X. PLAINTIFF FAILS TO STATE A CLAIM UNDER BUS. & PROF. CODE § 17200 .......... 15

A. Plaintiff Has Not Alleged A Violation. .......... 15

B. Plaintiff Lacks Standing To Allege A UCL Claim. .......... 16

XI. PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE .......... 18

XII. PLAINTIFF'S CLAIMS FOR EQUITABLE RELIEF FAIL .......... 22

A. No quiet title claim against lender. .......... 22


ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

B. Declaratory Relief Is Not An Independent Cause Of Action ............ 23

C. Each Equitable Claim Lacks Any Basis For Granting Relief ............ 24

XIII. CONCLUSION ............ 24

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**


*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 2, 3

*Ashcroft v. Iqubal*,
129 S. Ct. 1937 (2009) .......... 9

*Becker v. Wells Fargo Bank NA, Inc.*,
2014 U.S. Dist. LEXIS 109287 (E.D. Cal. Aug. 7, 2014) .......... 20

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 2, 3

*Benson v. Ocwen Loan Servicing, LLC*,
562 Fed. Appx. 567 (9th Cir. Cal. 2014) .......... 20

*Bonyadi v. Citimortgage, Inc.*,
2013 U.S. Dist. LEXIS 83486 (C.D. Cal. June 10, 2013) .......... 6, 7

*Bridgeman, Jr. v. United States of America*,
2011 U.S. Dist. Lexis 6059 (E.D. Cal. Jan. 21, 2011) .......... 23

*Castanda v. Saxon Mortg. Servs. Inc.*,
687 F. Supp. 2d 1191 (E.D. Cal. 2009) .......... 20

*Collins v. Power Default Services, Inc.*,
2010 U.S. Dist. LEXIS 3361 (N.D. Cal. Jan. 24, 2010) .......... 23

*Colom v. Wells Fargo Home Mortg., Inc.*,
2014 U.S. Dist. LEXIS 91175 (N.D. Cal. July 3, 2014) .......... 19

*Conder v. Home Sav. of Am.*,
2010 U.S. Dist. LEXIS 59524, 2010 WL 2486765
(C.D. Cal. June 14, 2010) .......... 6

*Das v. WMC Mortg. Corp.*,
831 F. Supp. 2d 1147 (N.D. Cal. 2011) .......... 6

*DeLeon v. Wells Fargo Bank, N.A.*,
2011 U.S. Dist. LEXIS 8296 (N.D. Cal. 2011) .......... 17


ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Delgado v. Nationstar Mortg. LLC*, 2014 U.S. Dist. LEXIS 70736 (C.D. Cal. May 21, 2014) ..... 19

*Gens v. Wachovia Mortg. Corp.*, 2011 U.S. Dist. Lexis 49709 (N.D. Cal 2011) ..... 13

*Glen Holly Entm't, Inc. vs. Tektronix, Inc.*, 100 F. Supp. 2d 1086 (C.D. Cal. 1999) ..... 10

*Guerrero v. Greenpoint Mortg. Funding*, 2010 U.S. App. LEXIS 21617 (9th Cir. Oct. 7, 2010) ..... 23

*Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010) ..... 2

*Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160 (E.D. Cal. 2010) ..... 22

*Herrera v. LCS Fin. Servs. Corp.*, 2009 U.S. Dist. Lexis 122775 (N.D. Cal. Dec. 22, 2009) ..... 13

*Hittle v. Residential Funding Corp.*, 2014 U.S. Dist. LEXIS 107423 (S.D. Ohio Aug. 5, 2014) ..... 14

*Hoffman v. Bank of America, N.A.*, 2010 U.S. Dist. LEXIS 70455 (N.D. Cal. June 30, 2010) ..... 11, 21

*Jelsing v. MIT Lending*, 2010 U.S. Dist. LEXIS 68515 (S.D. Cal. July 9, 2010) ..... 24

*Juarez v. Wells Fargo Bank, N.A.*, 2009 U.S. Dist. LEXIS 110892 (C.D. Cal. Nov. 11, 2009) ..... 9

*Kamp v. Aurora Loan Services*, 2009 U.S. Dist. LEXIS 95245 (C.D. Cal. Oct. 1, 2009) ..... 9

*Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092 (E.D. Cal. 2010) ..... 24

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531 (9th Cir. 1989) ..... 10

*Nguyen v. Wells Fargo Bank*, 2010 U.S. Dist. LEXIS 113246 (N.D. Cal. Oct. 25, 2010) ..... 23

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Rosenfeld v. JP Morgan Chase Bank, N.A.*,
732 F. Supp. 2d 952 (N.D. Cal. 2010) .......... 22

*Rowe v. Educ. Credit Mgmt. Corp.*,
559 F.3d 1028 (9th Cir. 2009) .......... 13

*Santos v. Countrywide Home Loans*,
2009 U.S. Dist. LEXIS 103453 (E.D. Cal. Nov. 6, 2009) .......... 24

*Settle v. World Savings Bank, FSB*,
2012 U.S. Dist. LEXIS 4215 (C.D. Cal. Jan. 11, 2012) .......... 20

*Slipak v. Bank of Am., N.A.*,
2011 U.S. Dist. LEXIS 131079 (E.D. Cal. Nov. 10, 2011) .......... 16

*Spurlock v. Carrington Mortg. Servs.*,
2010 U.S. Dist. LEXIS 80221 (S.D. Cal. Aug. 4, 2010) .......... 4

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) .......... 3

*Sullivan v. JP Morgan Chase Bank, NA*,
725 F. Supp. 2d 1087 (E.D. Cal. 2010) .......... 20

*Taguinod v. World Sav. Bank, FSB*,
755 F. Supp. 2d 1064 (C.D. Cal. Dec. 2, 2010) .......... 2

*Ungerleider v. Bank of America Corp.*,
2010 U.S. Dist. LEXIS 138294 (C.D. Cal. Dec. 27, 2010) .......... 10

*Villa v. Wells Fargo Bank, N.A.*,
2010 U.S. Dist. LEXIS 23741 (S.D. Cal., Mar. 15, 2010) .......... 21

*Wise v. Wells Fargo Bank, N.A.*,
850 F.Supp.2d 1047 (C.D. Cal. 2012) .......... 13

**STATE CASES**

*Abdallah v. United Savings Bank*,
43 Cal. App. 4th 1101 (1996) .......... 23

*Alvarez v. BAC Home Loans Servicing, L.P.*,
228 Cal. App. 4th 941 (Aug. 7, 2014) .......... 20

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*CAMSI IV v. Hunter Technology Corp.*,
230 Cal. App. 3d 1525 (1991) .......... 4

*Casualty Ins. Co. v. Rees Inv. Co.*,
14 Cal. App. 3d 716 (1971) .......... 5, 6

*Cel-Tech Commc'ns, Inc., v. L.A. Cellular Tel. Co.*,
20 Cal. 4th 163 (1999) .......... 15

*Conroy v. Regents of Univ. of Calif.*,
45 Cal. 4th 1244 (2009) .......... 11

*Cortez v. Purolater Air Filtration Products Company*,
23 Cal. 4th 163 (2000) .......... 17

*Daro v. Superior Court*,
151 Cal. App. 4th 1079 (2007) .......... 16

*Eddy v. Sharp*,
199 Cal. App. 3d 858 (1988) .......... 19

*Gaffney v. Downey Sav. & Loan*,
200 Cal. App. 3d 1154 (1988) .......... 23

*Graham v. Bank of America, N.A.*,
226 Cal. App. 4th 594 .......... 11

*Hall v. Time, Inc.*,
158 Cal. App. 4th 847 (2008) .......... 15

*Hamilton v. Greenwich Investors XXVI, LLC*,
195 Cal. App. 4th 1602 (2011) .......... 17

*Industrial Indem. Co. v. Santa Cruz County Superior Court*,
209 Cal. App. 3d 1093 (1989) .......... 17

*Ingels v. Westwood One Broadcasting Services, Inc.*,
129 Cal. App. 4th 1050 (2005) .......... 16

*Jenkins v. JP Morgan Chase Bank, N.A.*,
216 Cal. App. 4th 497 (2013) .......... 17

*Jolley v. Chase Home Fin., LLC*,
213 Cal. App. 4th 872 (2013) .......... 20


ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Jolly v. Eli Lilly & Co.*,
44 Cal.3d 1103 (1988) ..... 7

*Kasky v. Nike, Inc.*,
27 Cal. 4th 939 (2002) ..... 17

*Khoury v. Maly's, Inc.*,
14 Cal. App. 4th 612 (1993) ..... 15

*Korea Supply Co. v. Lockheed Martin Corp.*,
29 Cal. 4th 1134 (2003) ..... 15, 17

*Kwikset Corp. v. Superior Ct.*,
51 Cal. 4th 310 (2011) ..... 16

*LiMandri v. Judkins*,
52 Cal. App. 4th 326 (1997) ..... 19

*Lueras v. BAC Home Loans Servicing, LP*,
221 Cal. App. 4th 49 (2013) ..... 19, 20, 21

*Mabry v. Superior Ct.*,
185 Cal. App. 4th 208 (2010) ..... 8, 10, 21

*Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*,
48 Cal. 3d 583 (1989) ..... 18

*Nymark v. Heart Fed. Savings & Loan Ass'n*,
231 Cal.App.3d 1089, 283 Cal. Rptr. 53 (1991) ..... 19, 20

*Saunders v. Super. Ct.*,
27 Cal. App. 4th 832 (1994) ..... 15

*Shimpones v. Stickney*,
219 Cal.637 (1934) ..... 23

*Sipe v. McKenna*,
88 Cal. App. 2d 1001 (1948) ..... 23

*Software Design and Application Ltd. v. Hoeffer & Arnolt Inc.*,
49 Cal. App. 4th 472 (1996) ..... 19

*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*,
17 Cal. 4th 553 (1998) ..... 15

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Thomson v. Canyon*,
198 Cal. App. 4th 594 (2011) .......... 4

*Wilhelm v. Pray, Price, Williams & Russell*,
186 Cal. App. 3d 1324 (1986) .......... 10

**FEDERAL STATUTES**

15 U.S.C. § 1601 .......... 13

15 U.S.C. §§ 1640(a), (e) .......... 4

15 U.S.C. § 1640(a),(e) .......... 14

15 U.S.C. § 1692k(d) .......... 4, 13

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 .......... 3, 15, 16, 17

Cal. Bus. & Prof. Code § 17200, *et seq.* .......... 15

Cal. Bus. & Prof. Code § 17200, *et seq.* .......... 15, 16, 17, 18

Cal. Bus. & Prof. Code § 17206(a) .......... 17

Cal. Bus. & Prof. Code § 17208 .......... 4

Cal. Civ. Code § 2923.4 .......... 21

Cal. Civ. Code § 2923.5 .......... 8

Cal. Civ. Code § 2923.5 .......... 11

Cal. Civ. Code § 2923.5 .......... 10

Cal. Civ. Code § 2923.5 .......... 9

Cal. Civ. Code § 2923.5 .......... 8

Cal. Civ. Code § 2923.5 .......... 8

Cal. Civ. Code § 2923.5 .......... 8

Cal. Civ. Code § 2923.5 .......... 9

Cal. Civ. Code § 2923.5 .......... 9

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Cal. Civ. Code § 2923.5 .......... 17, 21

Cal. Civ. Code § 2923.6 .......... 7, 8

Cal. Civ. Code § 2923.6(c) .......... 7

Cal. Civ. Proc. Code § 338(d) .......... 4

Cal. Civ. Proc. Code § 339 .......... 4

Cal. Civ. Proc. Code § 343 .......... 4

Cal. Civ. Proc. § 761.020(a)-(e) .......... 22

**RULES**

Fed. R. Civ. P. 9(b) .......... 10

**REGULATIONS**

12 C.F.R. § 1026.36 .......... 14

12 C.F.R. § 1026.36(c) .......... 14

Mortgage Servicing Rules Under the Truth in Lending Act (Regulation Z), 78 Fed. Reg. 10,902, 11,007 (effective Jan. 10, 2014) .......... 14

**OTHER AUTHORITIES**

Dodd-Frank Wall Street Reform and Consumer Protection Act. Pub. Law No. 111-203, § 1464 .......... 14

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff brings this action in an apparent attempt to stall a foreclosure that began with a loan default in 2010. Plaintiff's First Amended Complaint ("FAC") asserts a number of claims based on allegations that arose from his attempts to obtain a loan modification from Wells Fargo Bank, N.A. ("Wells Fargo"). Additionally, Plaintiff pleads several claims arising from an alleged attempt to reinstate the loan, which are barred by the applicable statute of limitations. These claims conveniently ignore the long history of loss mitigation between Plaintiff and the bank, that is acknowledged in Plaintiff's own allegations, and fails to account for the fact that Wells Fargo is not legally obligated to provide Plaintiff with a loan modification. All the claims in the FAC are hopelessly deficient and fail to plead a viable claim against Wells Fargo.

For the reasons further briefed below, the Court should grant the instant motion to dismiss without leave to amend, pursuant to Federal Rules of Civil Procedure (FRCP) 9(b) and 12(b).

## II. SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS

### A. Plaintiff's Loan.

In March 2007, Wells Fargo's predecessor, World Savings Bank, FSB ("World Savings"), extended a loan for $565,000 (the "Loan") to Plaintiff, Robert Heintze. (Comp. ¶ 13; Request for Judicial Notice ("RJN"), Exh. A, Note.) The Loan was secured by a Deed of Trust recorded on March 29, 2007, against real property commonly known as 364 Magna Vista Street, Santa Barbara, California (the "Property"). (RJN Exh. B.) On August 16, 2012, after Plaintiff defaulted on the Note by failing to make his monthly payments starting in May, 2010, Wells Fargo's agent recorded a Notice of Default with the Santa Barbara County

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Recorder's Office. (FAC, ¶ 25; RJN, Exh. C.) Thereafter, a Notice of Trustee's Sale was recorded on October 8, 2014. (RJN, Exh. D.)

**B. History of Wells Fargo's predecessors in interest.**

Wells Fargo's predecessor in interest and the lender on the subject loan, World Savings, was a federal savings bank. (*See* Certificate of Corporate Existence issued by the Office of Thrift Supervision ("OTS"), dated April 21, 2006, RJN, Exh. E.) World Savings was renamed Wachovia Mortgage, FSB on December 31, 2007, as shown by a letter dated November 19, 2007 from the OTS. (RJN, Exh. F.) Effective November 1, 2009, Wachovia Mortgage, FSB was converted to a national bank with the name Wells Fargo Bank Southwest, N.A., and merged with and into Wells Fargo Bank, N.A. These events are confirmed in the Comptroller of the Currency's ("OCC") Official Certification. (RJN, Exh. G.)[1]

Case law establishes that Wells Fargo is the legal successor to Wachovia and, before that, World Savings Bank, FSB. *Taguinod v. World Sav. Bank, FSB*, 755 F. Supp. 2d 1064, 1068 (C.D. Cal. Dec. 2, 2010); *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261, *8 (C.D. Cal. Sept. 14, 2010).

## III. LEGAL STANDARD

Although the complaint need not contain detailed allegations, its "[f]actual allegations must be enough to *raise a right to relief above the speculative level* . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-557 (2007) (emphasis added). In short, it must allege "enough facts to state a claim to relief that is *plausible on its face*." *Id. at 570* (emphasis added). The "plausibility" requirement governs complaints in all federal civil actions. *Ashcroft v. Iqbal*, 556 U.S. 662, 883-884 (2009).

[1] Reference to Wells Fargo in this motion shall include Wells Fargo Bank, N.A. and the predecessor entity Wachovia Mortgage, FSB.



ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

In determining the "plausibility" of a complaint, the court must first identify which statements in the complaint are factual allegations and which are legal conclusions. Courts are not bound to accept as true allegations that are legal conclusions, even if cast in the form of factual allegations. *Ashcroft v. Iqbal*, 556 U.S. at 884. Second, the court, drawing "on its judicial experience and common sense," must decide in the specific context of the case whether the factual allegations, if assumed true, allege a *plausible* claim. *Id.* The plausibility standard is *not* the equivalent to a "probability requirement," but requires more than a mere possibility that the defendant has acted unlawfully. *Id.*

To establish a "plausible" claim, the complaint must contain "more than labels and conclusions" or "formulaic recitations of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. at 884. Moreover, the factual allegations in the complaint must be sufficient to nudge plaintiff's "claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570. Under the standards adopted by the Supreme Court, in order to be entitled to the presumption of truth, the complaint "must contain allegations of underlying facts to give *fair notice* and to enable the opposing party to *defend itself effectively*." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (emphasis added).

## IV. PLAINTIFF'S ORIGINATION CLAIMS ARE TIME BARRED

Plaintiff entered into the loan agreement and signed his loan documents on March 23, 2007. (RJN Exhs. A & B). Yet Plaintiff did not file this action until January 15, 2015, almost eight years later. Hence, Plaintiff's claims for relief, which are subject to a statute of limitations of four years or less, are time-barred.

The bar applies to all origination claims asserted in the Complaint, including the Third (Fraud), Fourth (Violation of Fair Debt Collection Practices Act ("FDCPA")), and Fifth (Violation of Truth in Lending Act ("TILA")). The

applicable time period in which such claims must be brought is three years for fraud (Code of Civil Procedure § 338(d)), one year for an alleged violation of the FDCPA (15 U.S.C. § 1692k(d)); and one year for damage claims under TILA. 15 U.S.C. §§ 1640(a), (e). At the very longest, Plaintiff's claims would be governed by the residual four-year statute of limitations in Code of Civil Procedure Section 343 which applies to '[a]n action for relief not hereinbefore provided for' in the code." *Thomson v. Canyon*, 198 Cal. App. 4th 594, 606 (2011). These time periods begin to run after Plaintiff's discovery of his potential claim against the defendant. Given the date on which the Loan was made, at the very latest, Plaintiff was required to file any claims arising from the loan's origination by March 23, 2011.

<u>Plaintiff Cannot Support A Claim For Equitable Tolling.</u> Plaintiff fails to assert any allegations that the statutes of limitations should be tolled because he did not discover the basis for his claims until sometime within the applicable time period. A plaintiff relying on equitable tolling "must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence. Mere conclusory assertions that delay in discovery was reasonable are insufficient and will not enable the complaint to withstand general demurrer." *CAMSI IV v. Hunter Technology Corp.*, 230 Cal. App. 3d 1525, 1536-1537 (1991) (emphasis added). In *Spurlock v. Carrington Mortg. Servs.*, 2010 U.S. Dist. LEXIS 80221, at *13-*15 (S.D. Cal. Aug. 4, 2010), the plaintiffs asserted a time-barred TILA claim based on defendants' alleged failure to provide "material disclosures such as the non-disclosure of yield premiums." The Court rejected the plaintiffs' argument that the statute of limitations was tolled because plaintiffs did not discover the TILA violation until foreclosure proceedings commenced, and stated: "Other than conclusory allegations that Defendants acted fraudulently, however, Plaintiffs fail

to demonstrate why they could not have discovered the alleged TILA violations earlier or how Defendants prevented them from doing so." *Id.* at *14-*15.

"The rule is that plaintiff must plead and prove the facts showing: (a) Lack of knowledge. (b) Lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date). (c) How and when he did actually discover the fraud or mistake. Under this rule, constructive or presumed notice of knowledge are equivalent to knowledge. So, when the plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his investigation (such as public records or corporation books), the statute commences to run." *Casualty Ins. Co. v. Rees Inv. Co.*, 14 Cal. App. 3d 716, 720 (1971) (court held fraud claim barred by statute of limitations, after finding that plaintiff did not allege sufficient facts to reasonably excuse its failure to discover the alleged unfair terms of the lease).

Plaintiff's claims, in part, appear to be based on allegations that the lender failed to disclose information about the loan, such as the loan included an adjustable interest rate, the potential for negative amortization and the impact of the adjustable interest rate on his monthly mortgage payment. (FAC, ¶ 14-18.). But clearly these were facts readily known to him, or easily discovered by review of the loan documents, back in 2007. Plaintiff even admits that the interest rate on the note was first set to adjust on May 1, 2007. (FAC, ¶ 16.) Plaintiff does not allege any actions by Wells Fargo that prevented him from discovering the terms of the loan or what information was required to be disclosed when the loan documents were signed in 2007. Thus, Plaintiff fails to allege any basis for the application of equitable tolling.

"When, as here, it is apparent on the face of a pleading that the time limit of an applicable statute of limitations has run, in order to avoid the bar of the statute it is incumbent upon the pleader to state, with particularity, facts, rather than

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

conclusions, which excuse his failure to learn of the fraud within the statutory period." *Casualty Ins. Co.*, 14 Cal. App. 3d at 719. In *Bonyadi v. Citimortgage, Inc.*, 2013 U.S. Dist. LEXIS 83486, at *11-*12 (C.D. Cal. June 10, 2013), the plaintiff contended that equitable tolling should apply to save her claim for fraud and alleged that "she did not learn of the 'unconscionable terms and alleged fraud' in her loans until January 2012 because she 'did not and could not' have had knowledge of her specific allegations or causes of action until she retained legal representation." Noting that the plaintiff's claims depended on alleged misstatements set forth in the loan agreement signed in 2006, the Court stated:

> As a party to a contract which she signed, plaintiff is charged with reading and understanding the terms of that contract or seeking assistance if she did not. Therefore, Because plaintiff had ample 'reason to discover' her claims at the time she entered into the loan agreement, her claims accrued as of May 2006. Numerous courts have found similar claims to be time-barred under the applicable statute of limitations, where a plaintiff alleged fraud grounded in the loan application itself. *See, e.g. Das v. WMC Mortg. Corp.*, 831 F. Supp. 2d 1147, 1158 (N.D. Cal. 2011) (finding plaintiff's claims time-barred where any fraud 'should have been apparent at the time the loan documents were signed'); *Conder v. Home Sav. of Am.*, 2010 U.S. Dist. LEXIS 59524, 2010 WL 2486765, at *3 (C.D. Cal. June 14, 2010) (finding equitable tolling did not apply where any alleged violations were 'objectively and reasonably apparent on the face' of the loan agreement). Accordingly, the statute of limitations bars plaintiff's claims sounding in fraud.

*Id*. at *13. "Once a suspicion arises or should arise, there is an affirmative duty to 'seek to learn the facts necessary to bring the cause of action in the first place.'" *Id.* at *12 (citing *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1111 (1988)). Plaintiff fails to plead any facts regarding actions taken by him to fulfill this duty.

Thus, in March 2007, Plaintiff was aware or should have been aware of the terms of the loan provided to him by World Savings, and the disclosures that were provided to him by the lender. Accordingly, the statutes of limitations began to run on March 23, 2007, and barred all claims against Wells Fargo arising from the loan origination no later than March 23, 2011. Almost four years before the instant action was commenced.

## V. <u>THE FAC DOES NOT STATE A CLAIM FOR WRONGFUL FORECLOSURE FOR VIOLATION OF CIVIL CODE § 2923.6</u>

The first claim alleges that Wells Fargo failed to comply with current Civil Code § 2923.6 because the bank "refused to postpone a trustee's sale date" that was scheduled for January 15, 2014 (Plaintiff probably intended this to be 2015). (FAC, ¶ 42.) Section 2923.6 prohibits the recording of a notice of default, a notice of trustee's sale, or conducting a trustee's sale once the borrower has submitted a complete application for a loan modification. Civ. Code §2923.6(c). Under the provisions of this statute the mortgage servicer must complete its review and render a determination before proceeding with the non-judicial foreclosure.

In the instant case, Plaintiff has failed to plead conduct by Wells Fargo that would constitute a violation of the statute. As discussed above, the Notice of Trustee's Sale was recorded on October 8, 2014. (RJN, Exh. D.) This was before Plaintiff had submitted his most recent application for a loan modification on October 23, 2014. (FAC, ¶ 38.) Plaintiff does not allege that he had a completed application under review at the time the Notice of Trustee's Sale was recorded.

Moreover, Plaintiff does not allege that the Trustee's Sale went forward while his application was under review by Wells Fargo. Plaintiff's first claim for

an alleged violation of section 2923.6 is entirely based on the allegation that Wells Fargo refused to postpone a pending sale date. This is not conduct which would constitute a violation of the statute. In the absence of an allegation that Wells Fargo proceeded with the trustee's sale while his appeal was still pending, Plaintiff has failed to allege conduct by Wells Fargo that is prohibited by section 2923.6.

## VI. THE FAC DOES NOT STATE A CLAIM FOR "FAILURE TO ENGAGE IN LOSS MITIGATION"

The second claim alleges that Wells Fargo did not contact Plaintiff to discuss loss mitigation prior to recording the Notice of Default, and therefore violated Civil Code § 2923.5. (FAC. ¶¶ 50-56.)

Plaintiff's own allegations establish compliance by Wells Fargo. As noted in the FAC, section 2923.5 requires the mortgage servicer to discuss alternatives to foreclosure with the borrower at least 30 days before recording a notice of default. (FAC, ¶¶ 47-48.) However, after default on the Loan, Plaintiff alleges that before 2013 he submitted six applications for a loan modification, which were denied by Wells Fargo. (FAC, ¶¶ 19-22.) Plaintiff himself acknowledges that the bank evaluated his request to avoid foreclosure through a loan modification well before the Notice of Default was recorded in August, 2012. Even though Plaintiff did not like Wells Fargo's decision, it clearly shows that the bank complied with the contact requirements set forth in section 2923.5. Moreover, Plaintiff has failed to plead a material violation of this statute, or how he has suffered any damages as a direct result of Wells Fargo's failure to comply any particular provision of the statute.

Moreover, the only relief available to Plaintiff for violation of section 2923.5 is a postponement of the trustee's sale. *Mabry v. Superior Ct.*, 185 Cal. App. 4th 208, 214, 222-223 (2010). Plaintiff has acknowledged that such a postponement has already occurred. According to Plaintiff, a Notice of Trustee's Sale was initially recorded on November 19, 2012, setting the sale date for December 10,

2012. (FAC, ¶ 26, Exh. E.) In the FAC, Plaintiff admits that a second Notice of Trustee's Sale was recorded on March 12, 2014, which set the trustee's sale for April 4, 2014. (FAC, ¶ 27, Exh. F.) Since the original sale date of December 10, 2012, in additional to being reviewed by Wells Fargo for a loan modification six times before 2013, Plaintiff has alleged yet another application in submitted in October 2014, has been reviewed by the bank. (FAC, ¶ 33.) While clearly unsatisfied with the outcome, by Plaintiff's own admission, he engaged is significant contacts with Wells Fargo to evaluate his financial condition and explore alternatives to foreclosure.

In contrast to Plaintiff's assertion that Wells Fargo never contacted him to discuss alternatives to foreclosure, there is Plaintiff's own allegations that he submitted at least seven applications for a loan modification which were denied by Wells Fargo, and the signed declaration, under penalty of perjury, that Wells Fargo complied with the due diligence requirements set forth in section 2923.5, before recording the Notice of Default. (RJN, Exh. C.) The United States Supreme Court stated that "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the laments of a cause of action will not do.' [citation]. Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqubal*, 129 S. Ct. 1937, 1951 (2009). When Wells Fargo's declaration, signed under penalty of perjury, is compared to the Complaint's conclusions that Wells Fargo violated Civil Code § 2923.5, the declaration reveals compliance with Civil Code § 2923.5. *Kamp v. Aurora Loan Services*, 2009 U.S. Dist. LEXIS 95245 * 6 (C.D. Cal. Oct. 1, 2009) ("Plaintiffs conclusory assertions are contradicted by the notice of default attached as Exhibit A, which includes the declaration required by section 2923.5" The court held that the declaration attached to the notice of default was sufficient to show compliance to Civil Code § 2923.5.); *Juarez v. Wells Fargo Bank, N.A.*, 2009 U.S. Dist. LEXIS 110892, at *2 (C.D. Cal. Nov. 11, 2009).

Therefore, in light of Plaintiff's own allegations and Wells Fargo's declaration of compliance, Plaintiff has failed to adequately allege a claim for violation of section 2923.5.

## VII. THE FAC DOES NOT STATE A FRAUD CLAIM

### A. The Claims Lack Particularity

To state a fraud claim under California law, a plaintiff must allege: (i) a false representation as to material fact, (ii) knowledge of its falsity, (iii) intent to defraud, (iv) actual and justifiable reliance, and (v) resulting damage. *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986). FRCP 9(b), however, requires that fraud allegations be pled with particularity. *Glen Holly*, 100 F. Supp. 2d at 1093-1094. Rule 9(b) mandates the explicit identification of context. "This means the who, what, when, where and how…." *Id.* at 1094. Vague or conclusory allegations are insufficient to satisfy Rule 9(b)'s particularity requirement. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

As against corporate defendants, Rule 9(b) requires plaintiffs to plead: (1) the misrepresentation, (2) the speaker and her authority to speak, (3) when and where the statements were made, (4) whether the statements were oral or written, (5) if written, the documents containing the representations, and (6) the manner in which the representations were allegedly false. *Ungerleider v. Bank of America Corp.*, 2010 U.S. Dist. LEXIS 138294 at *12 (C.D. Cal. Dec. 27, 2010).

First, Plaintiff alleges that Wells Fargo statements that he did not qualify for a loan modification were false. (FAC, ¶ 60.) Without any specifics, Plaintiff contends that his application was denied because his income was too low, and then subsequently denied for a modification because his income was too high. (FAC, ¶¶ 59-60.) Essentially, Plaintiff is attempting to imposed liability onto Wells Fargo for reaching a determination as to his qualification for a modification, something to which he is not even entitled. *See Mabry v. Sup.Ct.*, 185 Cal. App. 4th 208, 231

(2010) (no right to loan modification under § 2923.5); *Hoffman v. Bank of America, N.A.*, 2010 U.S. Dist. LEXIS 70455 at *5 (N.D. Cal. June 30, 2010) ("lenders are not required to make loan modifications for borrowers that qualify under HAMP"). Wells Fargo's decisions regarding Plaintiff's qualification for a loan modification are not misrepresentations of a material fact. These are simply the bank relating to the borrower the outcome of its evaluation of the information contained in the submitted application.

Moreover, the complaint does not disclose the "who, what, when, where and how" of the alleged misrepresentations by Wells Fargo. There is a complete absence of specifics with respect to the identity of Wells Fargo's representatives with whom Plaintiff interacted, the date on which these acts or omissions took place, or even the specific nature of the alleged wrongdoing by the bank.

**B. <u>No reliance by Plaintiff.</u>**

Plaintiff's allegations also fail to plead any justifiable reliance. Plaintiff merely alleges that he "reasonably relied" on the bank's representation, and continued to work with Wells Fargo on obtaining a loan modification. (FAC, ¶ 63.) Such a vague allegation falls well short of the require reliance for pleading a claim for fraud.

"Actual reliance occurs when a misrepresentation is 'an immediate cause of [a plaintiff's] conduct, which alters his legal relations,' and when, absent such representation, 'he would not, in all reasonable probability, have entered into the contract or other transaction.'" *Conroy v. Regents of Univ. of Calif.*, 45 Cal. 4th 1244, 1256 (2009). Insufficient factual allegations of justifiable reliance, or any other element of fraud, subject a complaint to dismissal. *Id. See, Graham v. Bank of America, N.A.*, 226 Cal. App. 4th 594, 608 ("For active misrepresentation, a plaintiff must plead and prove reliance on the representation was a substantial factor in causing harm to the plaintiff. For fraudulent concealment, the plaintiff must plead and prove he or she sustained damage as a result of the concealment or

suppression of fact."). The FAC does not contain any allegations of conduct undertaken by Plaintiff in reliance on the bank's statement, or how any such act or omission made him worse off, or resulted in any damages. Thus, Plaintiff has failed to plead any damages sustained as a direct result of Wells Fargo's conduct.

**C. <u>Claim based on incorrect reinstatement</u>**

As part of his fraud claim, Plaintiff alleges that Wells Fargo stated he could reinstate the loan for approximately $17,000. (FAC, ¶ 64.) Plaintiff contends that the reinstatement figure provided by Wells Fargo was incorrect. According to Plaintiff, he borrowed this sum from his 401(k) account, and attempted to tender the money to Wells Fargo. (FAC, ¶ 65.) Wells Fargo purportedly rejected the funds claiming the previous reinstatement figure was incorrect. *Id.*

In asserting this claim Plaintiff conveniently omits any dates as to when these events allegedly took place. If these event occurred more than three years before the date on which the complaint was filed, any such claim would be barred by the statute of limitations. As noted above, Plaintiff defaulted on his loan payments in May, 2010. (RJN, Exh. C.) The initial payment on his loan was set at over $1,600 per month. (FAC, Exh. C.) Simple math demonstrates that the arrears on the loan would have surpassed $17,000 after eleven months of missed payments. The Notice of Default, recorded in August, 2012, states the arrears on the loan as of August 14, 2012, at over $80,000. Any contention that Plaintiff's arrears totaled no more than $17,000 at any time within the last three years is simply not credible.

Again, Plaintiff has failed to provide any specifics with respect to this allegation. In addition to the lack of dates, Plaintiff fails to identify the Wells Fargo representative who allegedly provided the reinstatement amount. Plaintiff fails to plead the actual amount required to reinstate at that time, or why he was unable to obtain additional funds to satisfy the revised amount required by Wells Fargo. Beyond a bald allegation that he "reasonably relied," Plaintiff also failed to

plead the required justifiable reliance on Wells Fargo's representation, in order to plead a viable claim for fraud. (FAC, ¶ 68.)

## VIII. <u>THE FAC FAILS TO STATE A CLAIM FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

Plaintiff's fourth claim for relief fails to allege grounds for liability against Wells Fargo for at least two reasons. <u>First</u>, this claim is based on Wells Fargo allegedly providing Plaintiff with a false reinstatement amount. (FAC, ¶ 82.) As noted above, Plaintiff does not allege any dates with respect to these events. A claim for violation of the FDCPA must be brought within one year. 15 U.S.C. § 1692k(d). Plaintiffs has not alleged that Wells Fargo's conduct took place within the year before the instant action was filed. Moreover, given the amount of arrears set forth in the Notice of Default, any allegation that Plaintiff was informed in 2014 that the reinstatement amount on his loan was only $17,000, would simply not be credible, and easily refuted by documents subject to judicial notice. Therefore, the complaint fails to state a claim for violation of the FDCPA against Wells Fargo.

<u>Second</u>, it is well established that a lender such as Wells Fargo is not a "debt collector" within the meaning of the FDCPA. *See, e.g.*, *Wise v. Wells Fargo Bank, N.A.*, 850 F.Supp.2d 1047, 1053 (C.D. Cal. 2012) ("The FDCPA specifically excludes creditors collecting their own consumer debts. . . . Mortgage loan beneficiaries and servicing companies are not 'debt collectors' under the FDCPA."); *Gens v. Wachovia Mortg. Corp.*, 2011 U.S. Dist. Lexis 49709 *22-23 (N.D. Cal 2011); *Herrera v. LCS Fin. Servs. Corp*., 2009 U.S. Dist. Lexis 122775, *6-7 n.l (N.D. Cal. Dec. 22, 2009); *Rowe v. Educ. Credit Mgmt. Corp*., 559 F.3d 1028, 1031 (9th Cir. 2009) ('a 'creditor' is not a 'debt collector' under the FDCPA'"). Therefore, Plaintiff does not have a legal basis to pursue this claim against Wells Fargo.

## IX. THE FAC FAILS TO STATE A CLAIM FOR VIOLATION OF THE TRUTH IN LENDING ACT

According to Plaintiff, "Wells Fargo failed to timely apply the reinstatement amount that Plaintiff attempted to pay to Wells Fargo so that Plaintiff was unable to reinstate the Loan Agreement and bring his loan account out of default." (FAC, ¶ 87.) Plaintiff alleges that this act constitutes a violation of 12 C.F.R. § 1026.36(c), one of the regulations recently enacted as part of the Truth in Lending Act ("TILA"). (FAC, ¶ 86.) However, as with his other claims, the lack of specific factual allegations provide sufficient basis to grant Wells Fargo's motion to dismiss.

Once again, Plaintiff provides no dates as when these event allegedly took place. Any claim for damages under TILA must be brought within one year. 15 U.S.C. § 1640(a),(e). The complaint does not contain any allegations that Wells Fargo failed to timely apply a payment submitted by Plaintiff within one year of the filing of this action. Plaintiff's vague allegations related to reinstatement are simply insufficient to allege a violation of this particular regulation by Wells Fargo.

This particular provision is one of the implementing regulations under the Dodd-Frank Wall Street Reform and Consumer Protection Act. Pub. Law No. 111-203, § 1464; 124 Stat. 1376, 2184-85 (2010). Moreover, the effective date for 12 C.F.R. §1026.36 was January 10, 2014. *See* Mortgage Servicing Rules Under the Truth in Lending Act (Regulation Z), 78 Fed. Reg. 10,902, 11,007 (effective Jan. 10, 2014); *Hittle v. Residential Funding Corp.*, 2014 U.S. Dist. LEXIS 107423, 9 (S.D. Ohio Aug. 5, 2014). Thus, in order for Plaintiff to maintain a claim for violation of this regulation, he will be required to plead allegedly wrongful conduct by Wells Fargo that occurred on or after January 10, 2014. No such allegation appears in the FAC.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## X. PLAINTIFF FAILS TO STATE A CLAIM UNDER BUS. & PROF. CODE § 17200

### A. Plaintiff Has Not Alleged A Violation.

Plaintiff fails to allege a violation of the Unfair Competition Law, Business & Professions Code § 17200, *et seq*. ("UCL"). A UCL claim must state with reasonable particularity the facts supporting the elements of the alleged violation. *Khoury v. Maly's, Inc.*, 14 Cal. App. 4th 612, 619 (1993). It requires an allegation of particular facts showing ongoing unlawful, unfair, and fraudulent business acts on the part of the defendant. *Korea Supply Co. v. Lockheed Martin Corp*., 29 Cal. 4th 1134, 1143 (2003); *Khoury*, 14 Cal. App. 4th at 619. Further, a UCL claim "cannot be used to state a cause of action the gist of which is absolutely barred under some other principle of law." *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553, 566 (1998).

The UCL precludes any unlawful, unfair, or fraudulent business act or practice. The "unlawful" prong of the UCL applies where a practice is "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838-839 (1994) (citation omitted). The "unfair" prong applies when the practice at issue allegedly violates "the policy or spirit of [anti-trust] laws because its effects are comparable to a violation of the law, or that otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc., v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). The "fraudulent" prong, post-enactment of Proposition 64, applies where a business act or practice actually misleads a plaintiff. *See Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 849 (2008).

The allegations of the sixth claim for relief fail to meet these basic standards. Plaintiff does not allege any violation of the UCL by Wells Fargo. First, as discussed above, to the extent that this claim is based on allegations related to the Loan's origination or Plaintiff's alleged attempt to reinstatement the Loan, all such

claims would be bared by the statute of limitations. (FAC, ¶ 93-94, 101) Second, Plaintiff predicates his UCL claim on the same allegations supporting the other claims for relief included in the complaint, which arise from his attempts to obtain a loan modification. (FAC, ¶¶ 95-96, 101-103, 108.) However, as discussed herein, Plaintiff cannot state any viable claims against Wells Fargo based on such allegations. Therefore, such claims cannot provide a basis for the UCL claim. *Ingels v. Westwood One Broadcasting Services, Inc*., 129 Cal. App. 4th 1050, 1060 (2005) (citations omitted) ("A defendant cannot be liable under § 17200 for committing unlawful business practices without having violated another law"); *Slipak v. Bank of Am., N.A*., 2011 U.S. Dist. LEXIS 131079, at *11-*12 (E.D. Cal. Nov. 10, 2011) (Where UCL claim "is premised upon the same acts alleged in the other claims in his complaint, all of which fail to state a claim… Plaintiff's section 17200 claim is dismissed" because "Plaintiff has not adequately alleged any predicate unlawful, unfair, or fraudulent acts."). Finally, Plaintiff's attempt to plead a violation of section 17200 on alleged fraudulent conduct by Wells Fargo, is completely devoid of the specificity required to assert a viable claim under this prong. (FAC, ¶ 108.)

**B. Plaintiff Lacks Standing To Allege A UCL Claim.**

Plaintiff also lacks standing to sue under the UCL unless (1) he has "suffered injury in fact" and (2) "has lost money or property as a result of" the conduct he challenges. *See Kwikset Corp. v. Superior Ct*., 51 Cal. 4th 310, 322 (2011). A plaintiff fails to satisfy the causation prong if he would have suffered "the same harm whether or not a defendant complied with the law." *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1099 (2007). Here, Plaintiff fails to plead facts showing that he suffered any injury or loss, let alone an injury or loss due to Wells Fargo's alleged conduct in violation of the UCL. (FAC, ¶¶ 110-111.) Indeed, any injury and loss would be caused by Plaintiff's own failure to make the mortgage payments as promised, resulting in the pending foreclosure. (RJN, Exh. C.) *See*

*Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497 (2013). In *Jenkins,* the Court held that the borrower did not have standing to bring a claim for violation of UCL where the borrower alleged that the defendant's unfair business practices caused her home to be subjected to foreclosure, and resulted in her incurring unspecified monetary damages. *Id*. at 520. *See also Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1602 (2011) (Court rejected plaintiffs' attempt to state a § 17200 claim based on an alleged violation of former Civil Code § 2923.5); *DeLeon v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 8296, at *19-*22 (N.D. Cal. 2011) (Court held that the borrowers did not state a claim for violation of UCL: "The Court cannot reasonably infer that Wells Fargo's alleged misrepresentations resulted in the loss of Plaintiffs' home. Rather, the facts alleged suggest that Plaintiffs lost their home because they became unable to keep up with monthly payments and lacked the financial resources to cure the default.").

Moreover, Plaintiff is not entitled to recover damages for any alleged violation of the UCL. Indeed, the only remedies available to a private litigant under the UCL are equitable remedies – injunctive relief and restitution. Bus. & Prof. Code § 17206(a); *Korea Supply Co. v. Lockheed Martin Corp*., 29 Cal. 4th 1134, 1144-45 (2003); *Kasky v. Nike, Inc.*, 27 Cal. 4th 939 (2002) (in an Unfair Competition Law ("UCL") claim, a private plaintiff's remedies are generally limited to injunctive relief and restitution). In *Industrial Indem. Co. v. Santa Cruz County Superior Court*, 209 Cal. App. 3d 1093, 1095-1096 (1989), the Court of Appeal concluded that "a private litigant is allowed only injunctive relief and not damages under the unfair competition laws."

As the California Supreme Court noted in *Cortez v. Purolater Air Filtration Products Company*, 23 Cal. 4th 163, 173 (2000) (emphasis added):

> A UCL [Unfair Competition Law] action is an equitable action by means of which a plaintiff may recover money

> or property obtained from the plaintiff or persons represented by the plaintiff through unfair or unlawful business practices. It is not an all-purpose substitute for a tort or contract action. **'[D]amages are not available under section 17203** [Citations].'

Here, Plaintiff improperly seeks monetary damages and punitive damages for the alleged violation of the UCL. (FAC, ¶ 111; Prayer for Relief, 31:1-11.)

Further, as discussed herein, Plaintiff has no right to a loan modification under any codified laws. Thus, any possible future loss will be the "result of" Plaintiff's failure to make his loan payments, not any alleged violation of the UCL. Hence, Plaintiff lacks standing to bring this claim.

Accordingly, for all of these reasons, Plaintiff fails to state a claim for violation of the UCL and the third claim for relief should be dismissed without leave to amend.

## XI. PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE

In the seventh claim for relief, Plaintiff alleges that Wells Fargo had "a duty of care to review Plaintiff for loss mitigation options in a commercially reasonable manner." (FAC, ¶ 115.) According to Plaintiff, Wells Fargo breach this duty by "refusing to exercise due care to determine Plaintiff's eligibility for loan modification programs," providing "incorrect reinstatement amounts," and by informing Plaintiff he could not submit documents related to claimed rental income. (FAC, ¶ 116.) However, Plaintiff's allegations fail to support a viable claim for negligence against Wells Fargo.

To assert a claim for negligence, Plaintiff must allege that Wells Fargo owed her a duty of care that was subsequently breached, and such breach was the proximate cause of her injury. *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989). The claim for negligence fails for a lack of duty of care owed to Plaintiff. A plaintiff's "inability to plead a duty of care . . .

precludes his maintenance of a cause of action on any negligence theory." *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 349 (1997). "The determination of whether a duty exists is primarily a question of law." *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864 (1988). "[A]bsent a duty, the defendant's care, or lack of care, is irrelevant." *Software Design and Application Ltd. v. Hoeffer & Arnolt Inc.*, 49 Cal. App. 4th 472, 481 (1996). In *Nymark v. Heart Fed. Savs. & Loan Ass'n*, the court explained: "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." 231 Cal. App. 3d 1089, 1096 (1991). Indeed, "[l]iability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Id*.

The California Court of Appeal, Fourth Appellate District, held that a lender does not owe a duty of care in servicing a loan or handling a borrower's loan modification application. See *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 67 (2013). The Court stated:

> We conclude a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money.… The *Biakanja* factors do not support imposition of a common law duty to offer or approve a loan modification… [or] a duty of care to handle [a borrower's] loan in such a way to prevent foreclosure and forfeiture of his property.

*See also Colom v. Wells Fargo Home Mortg., Inc.,* 2014 U.S. Dist. LEXIS 91175 (N.D. Cal. July 3, 2014) (Court dismissed negligence claim holding that a lender "does not owe plaintiff [borrower] a duty of care in connection with its review of his application for a loan modification.") (following *Lueras*); *Delgado v.*



ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Nationstar Mortg. LLC,* 2014 U.S. Dist. LEXIS 70736, at *12 (C.D. Cal. May 21, 2014) (citing *Lueras* and holding that no duty of care was owed to the borrower relating to his efforts to obtain a loan modification); *Sullivan v. JP Morgan Chase Bank, NA*, 725 F. Supp. 2d 1087, 1094 (E.D. Cal. 2010) (citing *Nymark* and holding that "[p]laintiffs have provided no authority to support their argument that lenders owe borrowers a duty of care not to misinform them about the loan modification process"); *Settle v. World Savings Bank, FSB*, 2012 U.S. Dist. LEXIS 4215, at *24 (C.D. Cal. Jan. 11, 2012) (Court dismissed negligence-related claims for failure to plead a duty of care; "Numerous cases have characterized a loan modification as a traditional money lending activity, warranting application of the rule articulated in *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal.App.3d 1089, 283 Cal. Rptr. 53 (1991), that a financial institution in general owes no duty of care to a borrower. *See id.* at 1096"). This rule applies to both lenders and loan servicers. See *Castanda v. Saxon Mortg. Servs. Inc.*, 687 F. Supp. 2d 1191, 1197 (E.D. Cal. 2009) ("As the servicer of the loan, Saxon does not owe a duty to the borrowers of the loans its services."). Since Wells Fargo's alleged misconduct is in connection with the processing of Plaintiff's loan modification application, Plaintiff cannot establish a duty of care owed to him.[2]

Moreover, as the Court stated in *Lueras,* "If the lender did not place the borrower in a position creating a need for a loan modification, then no moral

[2] In *Alvarez v. BAC Home Loans Servicing, L.P.,* 228 Cal. App. 4th 941, 945-949 (Aug. 7, 2014), the Court of Appeal, First Appellate District, recently found that, once the lender agreed to consider the borrower's request for a loan modification, the lender owed the borrower a duty of care in reviewing the application. However, the *Alvarez* decision represents a minority view and should not be followed. The Court in *Alvarez* relied heavily on *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 898 (2013), which imposed a duty of care on a construction lender. However, "[t]he duty of care imposed on construction lenders, does not apply in the residential loan context." *Benson v. Ocwen Loan Servicing, LLC*, 562 Fed. Appx. 567, 570 (9th Cir. Cal. 2014) citing *Lueras*, 221 Cal. App. 4th at 66-67. Moreover, as the District Court has noted, "the majority of cases that have addressed the issue of whether a financial institution owes a duty to a borrower when engaging in the loan modification process have resulted in a holding that such activity generally does not exceed the traditional scope of a money lender, thus resulting in the lack of a duty of care owed by the lender." *Becker v. Wells Fargo Bank NA, Inc.*, 2014 U.S. Dist. LEXIS 109287 (E.D. Cal. Aug. 7, 2014) (citing numerous cases declining to impose a duty of care).

blame would be attached to the lender's conduct." *Lueras*, 221 Cal. App. 4th at 67. Here, Wells Fargo did not place Plaintiff in a position to need a loan modification. Thus, no moral blame should be attached to Wells Fargo's conduct in its denial of Plaintiff's application for a loan modification.

Furthermore, this claim is defective because it does not plead any legally cognizable damages caused by the alleged breach. (FAC, ¶ 118.) Indeed, as pointed out above, Plaintiff has no right to a loan modification under any codified laws. *See Mabry v. Superior Court*, 185 Cal. App. 4th 208, 222-223, 231 (June 2, 2010) (holding that there is no right to a loan modification under Civil Code §§ 2923.5 or 2923.6; "As mentioned above, there is no right, for example, under [Civil Code Section 2923.5], to a loan modification."); *Hoffman v. Bank of America, N.A.*, 2010 U.S. Dist. LEXIS 70455, at *15 (N.D. Cal., June 30, 2010) ("lenders are not required to make loan modifications for borrowers that qualify under HAMP nor does the servicer's agreement confer an enforceable right on the borrower"); *Villa v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 23741, at *6-*7 (S.D. Cal., Mar. 15, 2010) ("[T]he HAMP agreement did not require loan servicers to modify eligible loans; thus, the court found borrowers lacked standing to enforce the agreement."). Even the Homeowner Bill Of Rights does not require lenders to grant loan modifications. Civ. Code § 2923.4 (while "borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any…[n]othing in the act…shall be interpreted to require a particular result of that process."). Here, in the most basic terms, any damages allegedly suffered by Plaintiff was caused by his own failure to satisfy his contractual obligation to repay the loan.

Accordingly, the seventh claim for relief for negligence should be dismissed without leave to amend.

## XII. PLAINTIFF'S CLAIMS FOR EQUITABLE RELIEF FAIL

The eighth and ninth claims seek various forms of equitable relief: quieting title in Plaintiff's favor (and stripping Wells Fargo of all interest in the property), and a declaration that Wells Fargo has no interest in the property. Each claim is fatally defective.

### A. **No quiet title claim against lender.**

In his eighth claim, Plaintiff seeks to quiet title in the Property. (FAC, ¶¶ 124-127.) Quiet title claims require that five elements be set out in a verified complaint: (1) a description of the property, both legal description and street address; (2) the title of the plaintiff, and the basis for that title; (3); the adverse claims to the plaintiff's title; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the plaintiff's title against the adverse claims. Cal. Civ. Proc. § 761.020(a)-(e).

Plaintiffs' quiet title claim fails as a matter of law because they have not alleged an "adverse claim" to their title. To the extent that Plaintiff's claim may be based on Wells Fargo's security interest in the Property through the Deed of Trust, such a claim is also without any legal support. Wells Fargo cannot hold a claim adverse to Plaintiff's title because a deed of trust "carries none of the incidents of ownership of the property, other than the right to convey upon default on the part of the debtor in payment of his debt." *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1177 (E.D. Cal. 2010). Further, Plaintiff cannot maintain a claim for quiet title unless he pays off his mortgage. *See, Rosenfeld v. JP Morgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) (" A basic requirement of an action to quiet title is an allegation that plaintiffs are the rightful owners of the property, i.e., that they have satisfied their obligations under the deed of trust." ).

Additionally, this claim fails due to Plaintiff's failure to tender his outstanding debt. The law in California is well established, that to enjoin a foreclosure sale, or obtain any equitable relief, a debtor must make a valid and

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

viable tender of their full outstanding indebtedness. *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (the tender requirement applies " to any cause of action for irregularity in the sale procedure." ); *Gaffney v. Downey Sav. & Loan*, 200 Cal. App. 3d 1154, 1165 (1988) (tender of full debt is a prerequisite to enjoining a foreclosure); *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948) (full tender is a precondition to injunctive relief and quiet title); *Shimpones v. Stickney* , 219 Cal.637, 649 (1934) (mortgagor cannot quiet his title against the mortgagee without paying the debt secured).

Numerous federal courts have applied the tender rule in dismissing lawsuits such as the one at hand. *See Nguyen v. Wells Fargo Bank*, 2010 U.S. Dist. LEXIS 113246, *31-36 (N.D. Cal. Oct. 25, 2010) (citing cases); *Collins v. Power Default Services, Inc.*, 2010 U.S. Dist. LEXIS 3361, at *4-*6 (N.D. Cal. Jan. 24, 2010) (citing California state and federal cases). " The application of the ' tender rule' prevents ' a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property.' " *Nguyen*, 2010 U.S. Dist. LEXIS 113246, at *32. The Ninth Circuit has also recognized and enforced this " tender rule." *See Guerrero v. Greenpoint Mortg. Funding*, 2010 U.S. App. LEXIS 21617, at *3 (9th Cir. Oct. 7, 2010) (borrowers " lacked standing to bring a claim for ' wrongful foreclosure,' because they failed to allege actual, full, and unambiguous tender of the debt owed on the mortgage.").

Here, Plaintiff has not alleged that he tendered his outstanding debt, and the foreclosure notices (the accuracy of which he does not dispute) confirm that that he has not done so. Therefore, Plaintiff has failed to plead claims on which such equitable relief may be granted under California law.

**B. <u>Declaratory Relief Is Not An Independent Cause Of Action</u>**

As numerous federal courts have held, injunctive and declaratory relief are remedies, not independent causes of action. *See Bridgeman, Jr. v. United States of*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*America*, 2011 U.S. Dist. Lexis 6059 at *59-*60 (E.D. Cal. Jan. 21, 2011) (citing cases); *Santos v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS 103453, 2009 WL 3756337, at *5 (E.D. Cal. Nov. 6, 2009) ("Declaratory and injunctive relief are not independent claims, rather they are forms of relief.") *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010) (same). Similarly, a claim for cancellation of instruments "is really a claim for rescission . . . [a]nd rescission is a remedy, not an independent cause of action." *Jelsing v. MIT Lending*, 2010 U.S. Dist. LEXIS 68515, at *15 (S.D. Cal. July 9, 2010). Therefore, the Ninth Claim for Relief does not survive the instant motion to dismiss.

### C. <u>Each Equitable Claim Lacks Any Basis For Granting Relief</u>

Each equitable claim is based on the allegations of the prior claims. As demonstrated elsewhere in this brief, those other claims fail to state any basis for relief. Therefore, the equitable claims likewise fail to establish a basis for equitable relief.

## XIII. <u>CONCLUSION</u>

For each of the foregoing reasons, Wells Fargo requests that the Court grant this motion to dismiss without leave to amend.

Respectfully submitted,

Dated: April 3, 2015

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s/ Dean A. Reeves

Dean A. Reeves
dreeves@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

| | |
|---|---|
| Jeffrey John Ogorek<br>September Joy Katje<br>Consumer Litigation Law Center APC<br>100 North Citrus Street Suite 408<br>West Covina, CA 91791<br>Tel: 800-787-5616<br>Fax: 888-909-7947<br>jjo@consumerlitigationlawcenter.com<br>sk@consumerlitigationlawcenter.com | *Counsel for Defendant RTS Pacific, Inc.*<br>[*Courtesy Copy*]<br><br>Melissa N. Armstrong, Esq.<br>BUTLER & HOSCH, P.A.<br>525 E. Main Street<br>El Cajon, California 92020<br><br>Tel: 619.569.1114 \| Fax: 407.381.5577<br>Melissa.armstrong@butlerandhosch.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on April 3, 2015.

| | |
|---|---|
| Rachelle H. Guillory | */s/ Rachelle H. Guillory* |
| (Type or Print Name) | (Signature of Declarant) |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP