**CONSUMER LITIGATION LAW CENTER, APC**
September J. Katje, Esq., State Bar No. 227896
sk@consumerlitigationlawcenter.com
Fernando C. Saldivar, Esq., State Bar No. 241035
fs@consumerlitigationlawcenter.com
100 North Citrus St. Suite 408
West Covina, California 91791
Tel.: (800) 787-5616 || Fax: (888) 909-7947

Attorneys for Plaintiff ROBERT HEINTZE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HEINTZE, an individual, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., successor in interest to WACHOVIA MORTGAGE, FSB, successor in interest to WORLD SAVINGS BANK, FSB; RTS PACIFIC, INC., a Washington Corporation; and all persons or entities unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in this complaint adverse to Plaintiff's title thereto, and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No.: 2:15-cv-01238-MMM-MAN <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT WELLS FARGO BANK N.A.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Hearing Date: <br> Date:    June 22, 2014 <br> Time:    10:00 a.m. <br> Judge:   Hon. Margaret M. Morrow <br> Ctrm.:   780 <br><br> Complaint filed: January 15, 2015 <br> Trial date: None set |

/ / /

Plaintiff ROBERT HEINTZE ("Plaintiff"), hereby submits his Opposition to the Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss") filed by Defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSF, formerly known as World Savings Bank, FSB ("Wells Fargo" or "Defendant"). Plaintiff opposes Defendant's Motion to Dismiss on the grounds that the First Amended Complaint ("FAC") pleads sufficient facts to state each and every cause of action alleged therein, and that Defendant's motion is brought without merit.

The Opposition shall be based on this Opposition, the attached Memorandum of Points and Authorities in support thereof, on the complete file and records of this action and on such other oral and/or documentary evidence as may be presented at the hearing on the Motion.

Dated: June 1, 2015          CONSUMER LITIGATION LAW CENTER, APC


BY: ___/s/ Fernando C. Saldivar_____ _____
          September J. Katje, Esq.
          Fernando C. Saldivar, Esq.
          Attorneys for Plaintiff
          ROBERT HEINTZE

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

## **Table of Contents**

I.     INTRODUCTION ................................................................................1

II.    FACTUAL BACKGROUND .............................................................2

III.   LEGAL STANDARD .......................................................................3

IV.    ARGUMENT ....................................................................................3

   A.   The Claims which Defendant Alleges are Time Barred are not Premised on Loan Origination ...............................................................................3

   B.   Plaintiff Is Still Facing Foreclosure And Pleads A Sufficient Claim For Violation Of *Civil Code* Section 2923.6 ..........................................6

   C.   The FAC Pleads A Sufficient COA For Violation Of *Civil Code* Section 2923.5. ..............................................................................................7

   D.   The FAC Sufficiently Pleads Defendants Committed Fraud.........................8

   E.   Plaintiff has Properly Stated a Claim for Wells Fargo's Violation of FDCPA .............................................................................................10

   F.   Plaintiff Properly States a Claim for Violation of TILA ............................11

   G.   Plaintiff has Stated Facts Sufficient to Constitute a Cause of Action for Violation of California's Unfair Competition Law......................................12

   H.   Plaintiffs have Sufficiently Pled their Negligence Cause of Action as Defendants do Owe a Duty of Care ........................................................14

   I.   Plaintiff Need Not Allege Tender Under The Circumstances. ...................17

   J.   Plaintiff is Entitled to Declaratory Relief...............................................18

VI.    CONCLUSION ...............................................................................18

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**Cases**

*Alvarez v. BAC Home Loans Servicing, LP* (2014) 228 Cal.App.4th 941, 947–948 ..............................................................................................................15

*Asprias v. Wells Fargo Bank, N.A.* (2013) 219 Cal.App.4th 948 ..........................15

*Ball v. FleetBoston Fin. Corp.* (2008) 164 Cal.App.4th 794, 800 ........................18

*Barrioneurvo v. Chase Bank* (N.D. Cal. 2012) 885 F.Supp.2d 964 ......................18

*Bingham v. Ocwen Loan Servicing, LLC* (N.D. Cal. Apr. 16, 2014) 2014 WL 1494005 ..............................................................................................................17

*Boschma v. Home Loan Center, Inc.* (2011) 198 Cal.App.4th 230, 249 .................5

*Broberg v. Guardian Life Ins. Co. of America* (2009) 171 Cal.App.4th 912, 920 ....4

*Castrillo v. Am. Home Mortg. Servicing, Inc.* (E.D. La. Apr. 5, 2010) 2010 WL 1424398 ..............................................................................................................11

*Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir. 1993)................................3

*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 79 ...............................................18

*Committee on Children's Television v. General Foods Corp.* (2002) 27 Cal.4th 197, 211 ...........................................................................................................5, 14

*Conley v. Gibson*, 355 U.S. 41 (1957) ....................................................................3

*Gilligan v. Jamco Dev. Corp.* (9th Cir. 1997) 108 F.3d 246, 249 ...........................3

*Hartford Fire Ins. Co. v. California*, 509 U.S. 764 (1993) ......................................3

*Hobart v. Hobart Estate Co.* (1945) 26 Cal.2d 412, 442.....................................4, 5

*Humboldt Sav. Bank v. McCleverty* (1911) 161 Cal. 285, 291................................17

*Intengan v. BAC Home Loans Servicing, LP* (2013) 214 Cal.App.4th 1047, 1057–1058 ....................................................................................................................7

*Jolley v. Chase Home Fin. LLC* (2013) 214 Cal.App.4th 872, 903-06 ..................15

*Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 330 ................................12

*Lazar v. Sup. Ct. (Rykoff-Sexton, Inc.)* (1996) 12 Cal.4th 631, 638 .........................8

*Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 68 ..........16

*Mabry v. Sup. Ct.* (2010) 185 Cal.App.4th 208, 2013 ............................................18

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

*Nymark v. Heart Federal Savings & Loan Ass'n* (1991) 231 Cal.App.3d 1089,
1095 ............................................................................................................15

*Onofrio v. Rice*, (1997) 55 Cal. App. 4th 413, 424 ..................................17

*People v. Duz-Mor Diagnostic Laboratory, Inc.* (1998) 68 Cal.App.4th 654, 658 13

*Podolsky v. First Healthcare Corp.* (1996) 50 Cal.App.4th 632, 647 ...................13

*Prata v. Superior Court* (2001) 91 Cal.App.4th 1128, 1144 .......................14

*Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.* (6th Cir. 2012) 683 F.3d
239, 247 .......................................................................................................8

*Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987) ...............3

*Saunders v. Superior Court* (1994) 27 Cal.App.4th 832, 838-839 .........................13

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ..................................................3

*Skov v. Bank Nat'l Ass'n* (2012) 207 Cal.App.4th 690, 696 .....................7

*Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522, 526 (2012) ............18

*Woodring v. Ocwen Loan Servicing, LLC* (C.D. Cal. July 8, 2014) 2014 WL
3558716 .......................................................................................................7

**Statutes**

12 C.F.R. § 1026.36(c) ...............................................................................11

15 U.S.C. § 1692(e)(2)(A) .........................................................................10

15 U.S.C. § 1692a ......................................................................................11

15 U.S.C. 1641 ...........................................................................................11

Cal. *Bus. & Prof. Code* 17200 ..................................................................12

Cal. *Bus. & Prof. Code* § 17204 ..............................................................12

Cal. *Civil Code* § 338(d) ...........................................................................4

Cal. *Civil Code* § 2923.5 ...........................................................................8

Cal. *Civil Code* § 2923.6 ...........................................................................6

Cal. *Civil Code* § 2923.6(f) .......................................................................6

Cal. *Civil Code* § 2924.12(a)(1) ...............................................................6

Cal. *Civil Code* § 2924.19 .........................................................................8

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Cal. *Civ. Code* § 2924.19(a)(1) .................................................................8

Prop. 64 § 2 ..........................................................................................12

Prop. 64 § 3 ..........................................................................................12

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................1, 3

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES
## I.    INTRODUCTION

Except in extraordinary cases, the appropriate way to challenge specific statements and allegations in a complaint is to deny them, hold a plaintiff to his proof, and oppose them on the merits. Dissatisfied with the ordinary course of litigation, Defendant instead asks this Court to take a blue pencil to Plaintiff's First Amended Complaint and excise those causes of action which purportedly offend its sensibilities. In reality, motions of this nature are often little more than a dilatory tactic and do absolutely nothing to forward the litigation or narrow the issues. Here, there is particular cause for concern when the gravamen of Plaintiff's First Amended Complaint is plain and simple on its face – Defendant's wrongful initiation and prosecution of foreclosure proceedings on the Subject Property, his home. Defendant's delay tactics only exacerbate the extent of its wrongdoing and further deny Plaintiff timely redress for his injuries.

Defendant has filed a Motion to Dismiss each and every cause of action in Plaintiff's First Amended Complaint on the specious argument that in the space of 31 pages, Plaintiff failed to allege facts sufficient to constitute *any* cause of action against Wells Fargo. In fact, Defendant's issue is not really with what is within the four corners of the First Amended Complaint. Instead, it would rather jump ahead and argue the merits of each and every one of Plaintiff's causes of action, rather than argue whether they have been sufficiently pled. That is not the proper purpose of a Rule 12(b)(6) Motion to Dismiss, and amounts in this case to nothing more than a delay tactic.

Wells Fargo's Motion to Dismiss is without merit. Plaintiff has pled facts sufficient to support each of his causes of action to allow this matter to proceed past the pleadings stage. Accordingly, Plaintiff asks that Defendant's Motion to Dismiss be denied. In the alternative, if the Court agrees that there are certain

/ / /

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

defects in the First Amended Complaint; Plaintiff should be granted leave to amend.

## II.   <u>FACTUAL BACKGROUND</u>

Plaintiff is the current owner of real property commonly known as 364 Magna Vista Street, Santa Barbara, California 93110 ("Subject Property"). (FAC ¶ 3.) He financed the purchase of the Subject Property by executing a note secured by a deed of trust on or about March 23, 2007. (FAC ¶ 13.) Wells Fargo is the successor in interest to Wachovia Mortgage, FSB, successor in interest to World Savings Bank, FSB and is the current owner and servicer of the note and deed of trust. (FAC ¶ 4, Ex. "A" thereto.)

Plaintiff alleges that as a result of predatory loan terms that were concealed from him during loan origination he began to fall behind on loan payments. (FAC ¶¶ 14-18.) Wells Fargo, through Defendant RTS PACIFIC, INC. ("RTS") then recorded a notice of default on August 16, 2012. (FAC ¶ 25.) Thereafter, RTS recorded notices of trustee's sale on November 19, 2012 and March 12, 2014. (FAC ¶¶ 26-27.)

Plaintiff has applied for a loan modification several times since defaulting on the loan and Defendants have engaged in numerous acts and omissions during that process, among which are the refusal to indefinitely postpone or cancel the trustee's sale during the pendency of the loan modification process, repeatedly delaying loan modification review, and denying Plaintiff's loan modification applications based on miscalculations of Plaintiff's income. (FAC ¶¶ 19-21, 28-34.) Furthermore, Wells Fargo wrongfully provided Plaintiff an incorrect reinstatement quote in order to bring his account current, to which he detrimentally relied by withdrawing funds from his 401(k) retirement account. (FAC ¶ 22.) Not only did Wells Fargo refuse to accept this payment, but Plaintiff incurred a large income tax liability for the early 401(k) withdrawal which he would not have

/ / /

otherwise made but for Wells Fargo's material misrepresentation of the reinstatement quote. (FAC ¶¶ 23-24.)

## III.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) motions to dismiss are viewed with disfavor, and accordingly, dismissals for failure to state a claim are "rarely granted." *Gilligan v. Jamco Dev. Corp.* (9th Cir. 1997) 108 F.3d 246, 249 (citation omitted).   The standard for dismissal under FRCP 12(b)(6) is a stringent one:  "[a] complaint should not be dismissed for failure to state a claim unless it appears **<u>beyond doubt</u>** that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief."  See *Hartford Fire Ins. Co. v. California* (1993) 509 U.S. 764, 811 (quoting *Conley v. Gibson*, 355 U.S. 41 (1957) 45–46; *Cervantes v. City of San Diego* (9th Cir. 1993) 5 F.3d 1273, 1274 (emphasis added).   The purpose of a FRCP 12(b)(6) motion is to test the formal sufficiency of the statement of the claim for relief in the complaint.   See *Rutman Wine Co. v. E. & J. Gallo Winery* (9th Cir. 1987) 829 F.2d 729, 738.   The complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true.   See *Scheuer v. Rhodes* (1974) 416 U.S. 232, 236.   Plaintiff's claims alleged in the FAC are wholly supported by factual allegations not subject to dispute.   Consequently, Defendant's Motion to Dismiss should be denied.

## IV.   <u>ARGUMENT</u>

### A.   <u>The Claims which Defendant Alleges are Time Barred are not Premised on Loan Origination</u>

Wells Fargo argues that the third cause of action (fraud), fourth (violation of the Fair Debt Collection Practices Act) and fifth (violation of the Truth in Lending Act), are all time barred in that they relate to loan origination in that Plaintiff executed the loan on or about March 23, 2011. (Motion to Dismiss ("MTD"), pp. 3:22-18 to 4:1-11.) This argument is a red herring in that even a cursory review of

each of these claims reveals that they are not premised on loan origination but relate to Wells Fargo's conduct with regard to loan *modification* and *reinstatement*. Even assuming *arguendo* that these claims are related to loan origination, which they are not, they would remain timely due to delayed discovery.

First, to the extent that there was misconduct in relation to the loan origination, Plaintiff did not discover—nor could he have discovered—that misconduct at least until the time he received the notice of default around August 16, 2012, which showed a tremendous past due amount that would not have been possible under the loan terms Wells Fargo's predecessor in interest promised to Plaintiff. (FAC ¶ 25.) The three year statute of limitations for fraud claims does not begin to run until circumstances surrounding the alleged fraud would arouse the suspicion of a reasonably prudent person. *Hobart v. Hobart Estate Co.* (1945) 26 Cal.2d 412, 442. In the meantime, the statute does not run "until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Cal. *Code Civ. Proc.* § 338(d); *Broberg v. Guardian Life Ins. Co. of America* (2009) 171 Cal.App.4th 912, 920.

Importantly here, the statute of limitations on a fraud in loan origination claim is especially likely to be subject to the delayed discovery rule when predatory loan terms such as negative amortization are disguised by the complexity of the Loan:

> . . . actual interest rates and monthly payments sufficient to amortize the loan (or at least pay the accruing interest) were hidden in the complexity of the Option ARM contract terms . . . .  The fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced. There is no duty resting upon a citizen to suspect the honesty of those with whom he [or she] transacts business. Laws are made to protect the trusting as well as the suspicious. [T]he rule of *caveat emptor* should not be relied upon to reward fraud and deception.

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

*Boschma v. Home Loan Center, Inc.* (2011) 198 Cal.App.4th 230, 249.  Here, as in *Boschma,* Plaintiff alleges that due to the complexity and concealment of the relevant predatory Loan terms that caused negative amortization, Plaintiff did not discover—nor could he have discovered—the facts giving Defendant's misconduct at the time of loan origination.  (FAC ¶¶ 14-18.)

The actual discovery requirement is a liberal policy favoring the ignorant defrauded plaintiff, especially in complex financial transactions.  *Hobart v. Hobart Estate Co.* (1945) 26 Cal.2d 412, 438.  Moreover, "the mere fact that means of knowledge are open to a plaintiff, and he has not availed himself of them, does not debar him from relief when thereafter he shall make actual discovery."  *Id.* at 437–38.  Thus, even constructive knowledge is not sufficient to make the cause of action begin to accrue.  And, as with all complaints, the court must accept the truth of all material factual allegations.  *Committee on Children's Television v. General Foods Corp.* (1983) 35 Cal.3d 197, 213-14.

Here, Plaintiff alleges that the Loan contained numerous complex terms that were, on their own, not understandable to a reasonable consumer and, when combined, created an even more complex relationship and operation between loan terms that Plaintiff had no chance of understanding. (FAC ¶ 14.)  Even assuming for the sake of argument that Plaintiff's fraud claim is premised entirely on loan origination, which it is not, taking the well pleaded allegation of discovery until on or about August 16, 2012 as true, Plaintiff's claim for fraud is timely.

Additionally, the fourth cause of action for violation of the Fair Debt Collections Practices Act ("FDCPA") and fifth cause of action for violation of the Truth in Lending Act ("TILA") are timely in that they are not premised at all on the origination of the loan. In fact both of these claims relate to Wells Fargo's misconduct in relation to providing Plaintiff with a false reinstatement amount, upon which he detrimentally relied to withdraw the appropriate amount from his 401(k) retirement account, incurring tax penalties therein for early withdrawal.

(FAC ¶¶ 82-84, 87-89.) Neither of these causes of action accrued at the time of loan origination and therefore are not time barred in reference to that date.

**B.** **Plaintiff Is Still Facing Foreclosure And Pleads A Sufficient Claim For Violation Of *Civil Code* Section 2923.6**

Defendant moves to dismiss the first cause of action for wrongful foreclosure in violation of *Civil Code* section 2923.6 on grounds that no trustee's sale has yet taken place.  (MTD, pp. 7:27-28 to 8:1-5.) Thus, Defendant only focuses on the fact that a trustee's sale has not yet taken place, while ignoring that they have still violated *Civil Code* section 2923.6 by failing to provide a loan modification denial letter that includes information required under *Civil Code* section 2923.6(f) while still scheduling trustee's sales to take place.

Moreover, Defendant's argument that they have not violated *Civil Code* section 2923.6 is somewhat disingenuous because—as is clear from the record in this case—Plaintiff was forced to file his original Complaint at least in part to enjoin Defendants from violating *Civil Code* section 2923.6 by selling the Subject Property at a trustee's sale while Plaintiff was still in active loan modification review.  (FAC ¶¶ 38-45.)

While a trustee's sale of the Subject Property has not yet taken place that does not change the fact that Plaintiff's home currently is, and at all times referenced in the FAC has been, in foreclosure. Notwithstanding their protest that no sale has yet taken place, there is nothing to stop Defendants from moving quickly to set and complete a trustee's sale. Therefore, at the very least, the first cause of action for violation of *Civil Code* section 2923.6 must be allowed to proceed because Defendant has attempted to violate this statute in the past and may do so in the near future, forcing Plaintiff to seek an injunction under *Civil Code* section 2924.12(a)(1).  Thus, Plaintiff should be allowed to maintain his *Civil Code* section 2923.6 claim now rather than compelled to amend later.

/ / /

### C.   The FAC Pleads A Sufficient COA For Violation Of *Civil Code* Section 2923.5.

Defendant next contends that the FAC's own allegations indicate that Wells Fargo complied with *Civil Code* section 2923.5.  Yet again, Wells Fargo overlooks numerous allegations in the FAC to make this baseless argument.

First, courts accept as true the complaint's allegations that a borrower was never contacted by all methods required under *Civil Code* section 2923.5 before the notice of default was recorded.  *Intengan v. BAC Home Loans Servicing, LP* (2013) 214 Cal.App.4th 1047, 1057–1058 (overruling trial court's order sustaining demurrer to borrower's 2923.5 claim because borrower disputed veracity of NOD declaration); *Skov v. Bank Nat'l Ass'n* (2012) 207 Cal.App.4th 690, 696 (same).

In fact, it is clear from the FAC's allegations that Wells Fargo did not contact Plaintiff on the phone to avoid foreclosure in a meaningful way as required, did not provided the required written notices, was never appropriately referred to the Department of Housing and Urban Development ("HUD") or provided with any of the other information mandated by statute. (FAC ¶¶ 50-56.) This is not sufficient meaningful contact under section 2923.5.  *Woodring v. Ocwen Loan Servicing, LLC* (C.D. Cal. July 8, 2014) 2014 WL 3558716, at *3–4 (finding borrower's multiple, pre-NOD modification applications not fatal to her HBOR claim because servicer failed to "respond meaningfully" to these applications and no real foreclosure alternative discussion took place).

Moreover, Defendant's motion does not at all refute the FAC's allegations that Wells Fargo (1) failed to **initiate** contact with Plaintiff; (2) that Wells Fargo did not schedule a follow up meeting with Plaintiff; (3) that Wells Fargo did not mail the various loss mitigation notices and follow up with Plaintiff as required under the statute, and (4) that Wells Fargo actively sought on multiple occasions to sell the Subject Property while Plaintiff was in active loan modification review with a complete loan modification application submitted.  (FAC ¶¶ 46-57.)

Wells Fargo also misstates the remedy available for a violation of *Civil Code* section 2923.5.  Wells claims that the only available remedy is a postponement of the trustee's sale.  (MTD p. 8:24-25.)  However, *Civil Code* section 2924.19, which outlines the remedies for violations of section 2923.5 actually states that prior to a trustee's deed upon sale being recorded, the borrower "may bring an action for injunctive relief to enjoin a material violation of Section 2923.5 . . . ."  Cal. *Civ. Code* § 2924.19(a)(1).   The remedy is not limited to a postponement of the trustee's sale but leaves the remedy open to any form of injunctive relief for a violation of section 2923.5.  In sum, Wells Fargo cannot state any valid reason why the second claim for violation of *Civil Code* section 2923.5 should be dismissed. Therefore, Defendant's motion to dismiss the second cause of action must be denied.

### D.   The FAC Sufficiently Pleads Defendants Committed Fraud.

A sufficiently pleaded fraud cause of action requires that the plaintiff plead (1) a misrepresentation of a material fact, (2) defendants' knowledge of falsity, (3) intent to defraud, (4) justifiable reliance on said misrepresentation, and (5) damages.  *Lazar v. Sup. Ct.* (1996) 12 Cal.4th 631, 638.  Federal courts must defer to the state law standard to determine whether a state law claim sounds in fraud. *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.* (6th Cir. 2012) 683 F.3d 239, 247.  Thus, the validity of the FAC's fraud allegations must be evaluated by the five factor test in *Lazar v. Superior Court*.

The third cause of action for fraud specifically alleges: (1) Wells Fargo's misrepresentation that Plaintiff's income was too low to qualify for a modification, which was blatantly false in that Wells Fargo later denied Plaintiff for a loan modification stating that Plaintiff had too much income when Plaintiff submitted proof of that additional income – particularly in that Wells Fargo knew that Plaintiff had additional income but discouraged Plaintiff from submitting a loan modification application with that additional rental income (FAC ¶ 60.); (2)  Wells

Fargo's material misrepresentation of the correct amount to reinstate Plaintiff's loan, and then refusing, after Plaintiff was forced to withdraw those funds from his 401(k) retirement account, to accept that amount when tendered by the Plaintiff (FAC ¶¶ 64-65.), and (3) that Plaintiff did not qualify for a loan modification under HAMP or MAP2R in November 2014. (FAC ¶ 69.)  Each of these representations was materially false and was known to be false by Wells Fargo. (FAC ¶¶ 61, 65-66, 70-71.) Further, Wells Fargo intended for Plaintiff to rely on these representations so that they could cause Plaintiff to fall further into debt and foreclose on the Subject Property rather than review Plaintiff for a loan modification in good faith. (FAC ¶¶ 62, 67, 72.) Moreover, Plaintiff reasonably and justifiably relied on these material misrepresentations of fact and suffered damages resulting in, *inter alia*, excessively high mortgage payments, an increasing principal balance, threatened loss of the Subject Property, mounting fees, costs, penalties, lost opportunity to pursue alternatives to avoid foreclosure and wrongful denial of a permanent loan modification for which he was otherwise qualified. (FAC ¶¶ 66, 68, 73-79.) Therefore, Plaintiff has satisfied, with specificity, each and every element required to state a cause of action for fraud and Defendant's Motion to Dismiss this cause of action must be denied on this basis.

Furthermore, Defendant attempts to be clever by arguing in regard to the incorrect reinstatement amount that Wells Fargo provided that "simple math demonstrates that the arrears on the loan would have surpassed $17,000 after eleven months of missed payments." (MTD p. 12:17-19.) However, their own "simple math" argument points to their filing of a fraudulent Notice of Default in the very next sentence: "The Notice of Default, recorded in August, 2012, states the arrears on the loan as of August 14, 2012, at over $80,000." (MTD p. 12:19-20.) In fact, "simple math" indicates that $80,000 in arrears as of that date is simply not credible. For example, Plaintiff's initial payment on the loan was set at approximately $1,600 per month. (MTD p. 12:16-17; FAC, Ex. C.) Per Wells

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Fargo, Plaintiff defaulted on loan payments in May 2010. (MTD p. 12:15-16.) There are 27 months between May 2010 and August 2012 – (27 months x $1,600 per month = $43,200.) How does "simple math" explain a discrepancy of nearly $40,000 between the amount potentially in arrears and the amount stated in the Notice of Default? Therefore, at a minimum, Plaintiff should be granted leave to amend his complaint to allege fraud and unfair, deceptive or abusive acts in connection with Defendant's recording of the Notice of Default.

**E.    Plaintiff has Properly Stated a Claim for Wells Fargo's Violation of FDCPA**

Wells Fargo asserts that it did not violate the FDCPA on at least two separate grounds, specifically: (1) when it provided Plaintiff with a false reinstatement amount, and (2) because it is not a debt collector. However, each of these claims is baseless and Wells Fargo is liable for violation of the FDCPA as a debt collector.

First, Wells Fargo does not dispute that it provided a materially false reinstatement amount to Plaintiff. This is the gravamen of a FDCPA violation that a debt collector may not engage in the false representation of the "character, amount, or legal status of any debt." 15 U.S.C. § 1692(e)(2)(A). (FAC ¶ 81.) Defendant, in fact, provided a false reinstatement amount to Plaintiff, causing him to withdraw funds from his 401(k) account and incur taxes for early withdrawal, and then later wrongfully refused to accept a reinstatement for the amount previously quoted. (FAC ¶ 82.) Wells Fargo's motion fails to address this specific point and therefore concedes it.

However, Wells Fargo goes on to claim that it is not even a debt collector within the definition of the FDCPA and is, instead, a "creditor." (MTD p. 13:17-27.) However, under the FDCPA, a "debt collector" is anyone who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts. 15 U.S.C. § 1692a. Here, Wells

Fargo removed the instant case to this Court on grounds that it is a citizen of South Dakota. Notice of Removal by Defendant Wells Fargo Bank, N.A., Document #1, filed February 20, 2015. Wells Fargo, through its conduct, therefore concedes that it must use interstate commerce to contact Plaintiff, and Wells Fargo does not dispute that it uses the mails to attempt to collect a debt from Plaintiff.  In fact, to state otherwise would require Wells Fargo to admit that it did not comply with *Civil Code* section 2923.5.  In any event, whether Wells is a debt collector within the FDCPA's definition is not appropriately determined on a motion to dismiss as it is an issue of fact.  *Castrillo v. Am. Home Mortg. Servicing, Inc.* (E.D. La. Apr. 5, 2010) 2010 WL 1424398 (whether mortgage servicer was debt collector was factual issue that could not be resolved on motion to dismiss).

## F.   <u>Plaintiff Properly States a Claim for Violation of TILA</u>

The Truth in Lending Act, 15 U.S.C. 1641 ("TILA"), requires that a loan servicer must not fail to credit a payment to a consumer's loan account as of the date of receipt and must not impose a late fee on a consumer in connection with a payment that is a full payment for the applicable period and is paid on its due date or within any applicable grace period. 12 C.F.R. § 1026.36(c). Plaintiff has adequately pled that Wells Fargo failed to timely apply the reinstatement amount that Plaintiff attempted to pay, so that Plaintiff was unable to reinstate the Loan Agreement and bring his loan out of default, and that Wells Fargo improperly applied late fees between the time that he obtained the reinstatement amount and when he attempted to pay.  (FAC ¶ 87, 88.)  Again, this is the heart of a TILA violation, none of which Wells Fargo objects to. Instead of challenging the manner in which Plaintiff has pled Wells Fargo's violation of TILA, it provides a recitation of the legislative history of the Dodd-Frank Act. This is not a proper basis on which to base a Motion to Dismiss and should be denied as to this cause of action.

/ / /

/ / /

### G.   Plaintiff has Stated Facts Sufficient to Constitute a Cause of Action for Violation of California's Unfair Competition Law

Defendant next argues that Plaintiff cannot state a claim for violation of California's unfair competition law under Business and Professions Code section 17200, *et seq.*, ("UCL") in regard to loan servicing because Plaintiff (1) does not have standing, and (2) the alleged violations are insufficiently pled. Each of these arguments is meritless because of the UCL's broad standing requirement and because Plaintiff satisfies each of the three "prongs" to state a claim under the UCL.

Defendants seem to rely on the language of Proposition 64 which eliminated "unaffected plaintiff" standing from the UCL to instead require that an action for relief under the UCL be brought "by any person…who has suffered injury in fact and has lost money or property as a result of such unfair competition." (*Bus. & Prof. Code* § 17204; Prop. 64 § 3, approved Nov. 2, 2004.) However, section 17204 merely creates a pre-requisite for bringing representative claims and replaces broad private actions on behalf of the "general public." (Prop. 64 § 2.) Injury in fact under the UCL is actually extremely broad in that a plaintiff sufficiently alleges loss of money or property by alleging "that he or she would not have bought the product but for the misrepresentation." *Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 330. Moreover, the standing requirement can be satisfied in "innumerable ways" including when the Plaintiff suffers a diminished present or future property interest. *Id.* at 323.

Here, Plaintiff alleges, *inter alia*, that he suffered injury, resulting in the wrongful foreclosure upon and attempt to sell his home, through Defendant's refusal to evaluate Plaintiff for a loan modification in good faith, refusal to provide Plaintiff with a loan modification pursuant to HAMP or MAP2R for which he was qualified, charging improper or excessive fees, providing materially false or misleading information in response to direct inquiries, providing a materially false

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

loan reinstatement amount, and continuing to work towards completing a foreclosure trustee's sale while Plaintiff's application for loan modification review remains active in the appeals process. (FAC ¶¶ 93-99, 103, 108.)

Defendant next claims that Plaintiff does not sufficiently allege a predicate violation of law to satisfy the UCL. However, Defendant fails to recognize that UCL violations are predicated on violation of any of three "prongs" of the UCL – unlawful, unfair, or fraudulent.

First, a business practice violates the UCL if it is forbidden by **any** law, "be it criminal or civil, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court* (1994) 27 Cal.App.4th 832, 838-839.  Here, Plaintiff alleges not only eight other independent causes of action, but also specific statutory violations. (FAC at ¶¶ 92-99.) Thus, as alleged, Defendant committed extensive wrongful acts and omissions.

Second, a practice violates the UCL "if it is unfair, that is if it 'offends an established public policy or…is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *People v. Duz-Mor Diagnostic Laboratory, Inc.* (1998) 68 Cal.App.4th 654, 658 (citing *Podolsky v. First Healthcare Corp.* (1996) 50 Cal.App.4th 632, 647.) Here, Defendant committed numerous wrongful acts including, *inter alia*, their refusal to evaluate Plaintiff for a loan modification in good faith, refusal to provide Plaintiff with a loan modification pursuant to HAMP or MAP2R for which he was qualified, charging improper or excessive fees, providing materially false or misleading information in response to direct inquiries, providing a materially false loan reinstatement amount, and continuing to work towards completing a foreclosure trustee's sale while Plaintiff's application for loan modification review remains active in the appeals process. (FAC ¶ 103.) Again, the allegations of the FAC directly contradict Defendant's assertion that the alleged UCL violations are not sufficiently pled.

/ / /

---

13

Third, a practice violates the UCL if it is fraudulent. A practice violates the "fraudulent" prong of the UCL if "members of the public are likely to be deceived." *Committee on Children's Television v. General Foods Corp.* (1983) 35 Cal.3d 197, 211. The likelihood of deception is measured against the audience to which the deceptive conduct is addressed. *Prata v. Superior Court* (2001) 91 Cal.App.4th 1128, 1144. Here, Defendant is in a position of much greater sophistication relative to Plaintiff as to Defendant's own modification guidelines, policies, and the operation of the Loan Agreement's terms and conditions. It is extremely likely that borrowers, Plaintiff included, could rely on and be deceived by any number of false statements that Defendant made regarding the application of monthly mortgage payments, escrow account payments, fees and charges, as well as the manner in which the loan would be serviced or payments processed. Accordingly, Defendant's contentions are plainly controverted by the language of the FAC and the Motion to Strike the sixth cause of action should be overruled.

## H. Plaintiffs have Sufficiently Pled their Negligence Cause of Action as Defendants do Owe a Duty of Care

Defendant moves to strike Plaintiff's seventh cause of action for negligence on the grounds that Defendant owes no duty of care to Plaintiff. This argument is erroneous in that the facts underlying this action directly give rise to a lender or servicer's duty of care. Here, a lender or servicer does, in fact, owe a duty of care to the borrower once it undertakes loan modification review, controlling law which is recognized by the California state courts.

Defendant cites *Nymark v. Heart Federal Savings & Loan Ass'n* (1991) 231 Cal.App.3d 1089, 1095 for the proposition that a financial institution owes no duty of care to a borrower. However, California courts now warn against blind reliance on the *Nymark* holding. *Jolley v. Chase Home Fin. LLC* (2013) 214 Cal.App.4th 872, 903-06. The *Jolley* court affirmed that lenders do owe a duty of care to borrowers where the lender engages in "a series of contradictory and somewhat

misleading communications with plaintiff...regarding the status of his loan. Under such circumstances it was entirely foreseeable that [the bank's] conduct would result in damage to plaintiff's credit rating or a decrease in the value of his home."(citation omitted.) *Id.* at 905.   Moreover, "[c]ourts should not rely mechanically on the 'general rule' that a duty of care does not exist, because the loan modification process itself can create duty of care relationship." *Id.* at 903. Notably, a case relying on the blanket proposition that no duty of care applies was recently depublished. See *Asprias v. Wells Fargo Bank, N.A.* (2013) 219 Cal.App.4th 948 (depublished).

Most importantly, California courts now recognize that a lender does in fact a duty of care is imposed on a lender that undertakes a loan modification review. *Alvarez v. BAC Home Loans Servicing, LP* (2014) 228 Cal.App.4th 941, 947–948. There, the court applied a six factor test looking to (1) whether the transaction was intended to affect Plaintiff, (2) whether potential harm to the plaintiff was reasonably foreseeable, (3) whether the injury to the Plaintiff was certain, (4) whether there was a close connection between the lender's conduct and the plaintiff's harm, (5) the public policy of preventing future harm, (6) and the moral blameworthiness of the lender's conduct.  *Id.* at 948. Each of these factors weigh in favor of imposing a duty of care in the loan modification review process especially where the lender sells the borrower's property in foreclosure.  *Id.*

The *Alvarez* court was careful to note that the lender's duty is not to offer or approve the modification if the borrower is not qualified, but merely to review the borrower for a modification in good faith. *Id.* at 944.  Here, each of the factors applied in *Alvarez* point directly to the Defendants' breach of a duty of care to review Plaintiff for a loan modification in good faith.

Moreover, California courts distinguish between a lender's possible lack of a general duty of care to borrowers and the affirmative duty not to make material misrepresentations to borrowers. While the lender may not be under any duty to

actually offer or review for modifications in the first place, the lender still owed a duty not to make material misrepresentations to the borrower about the loan modification application status once the lender does undertake the modification review. *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 68. In other words, once a lender or servicer does undertake the loan modification review, it accepts the duty to see the modification through with due care because the borrower can be harmed by inaccurate and untimely updates on the modification status. *Id.* at 69.

The situation here clearly indicates a breach of duty under *Lueras* and *Jolley* because Defendant undertook a modification review – although they may not have been obligated to do so – thereby assuming a duty to see the review through with due care. Defendant then acted without due care in loan servicing in that they now consider Plaintiff to be in default despite the fact that it was Defendant that breached the terms of the Loan while Plaintiff was performing every condition required of them thereunder. Accordingly, Plaintiff has sufficiently pled that Defendant owed him a duty of care.

Defendant goes on to include a rather spurious argument that Plaintiff's negligence claim is defective because it does not plead any "legally cognizable damages caused by the alleged breach." This is simply not true. Plaintiff clearly states, *inter alia*, that but for the acts and omissions of Defendants, which were the actual and proximate cause of Plaintiff's injury, Defendants failed to review Plaintiff for a loan modification in good faith and therefore failed to provide him with a loan modification for which he was otherwise qualified, failed to provide an accurate reinstatement figure, and failed to reinstate the Loan Agreement and causing him to fall further into default. (FAC ¶ 118.) In truth, Defendant's issue here is not that Plaintiff has failed  to adequately plead damages, but rather that they prefer to adjudicate those damages here and now. Although the precise measure of damages must be determined at a later phase of the litigation in order to

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

proceed to trial, Plaintiff has adequately pled damages for purposes of adequately stating a claim for negligence. Therefore, Defendant's Motion to Dismiss the seventh cause of action must be denied.

## I.     Plaintiff Need Not Allege Tender Under The Circumstances.

The Motion to Dismiss next attacks the eighth (quiet title), and ninth (declaratory relief), causes of action for failure to allege tender. This overbroad argument fails to acknowledge exceptions to the tender requirement that apply here.

A plaintiff is not required to allege tender where the action attacks the validity of the underlying debt, since it would constitute an affirmation of the debt. *Onofrio v. Rice* (1997) 55 Cal. App. 4th 413, 424.  Plaintiff would invalidate many of his own causes of action if he affirms the validity of the underlying debt. Moreover, tender may not be required if it would subject a plaintiff to injustice and hardship, and if their right to attack the sale were made dependent upon an offer to pay the whole debt.  *Humboldt Sav. Bank v. McCleverty* (1911) 161 Cal. 285, 291. Tender is specifically **not** required for claims under the Homeowners Bill of Rights ("HBOR").  *Bingham v. Ocwen Loan Servicing, LLC* (N.D. Cal. Apr. 16, 2014) 2014 WL 1494005, at *6 (plaintiff may seek injunctive relief under HBOR "regardless of tender").

Additionally tender is not required when—as here—the Plaintiff alleges violations of HBOR.  *Mabry v. Sup. Ct.* (2010) 185 Cal.App.4th 208, 2013. Tender is also not required where, as here, Plaintiffs are contesting the validity of a foreclosure sale.  See *Barrioneurvo v. Chase Bank* (N.D. Cal. 2012) 885 F.Supp.2d 964.  In addition, the case law cited by Defendants is post-foreclosure to set aside a foreclosure sale, which is not the case here and irrelevant to the allegations of Plaintiff's complaint. See *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522, 526 (2012).  Thus, given these exceptions, Plaintiff should not be required to allege tender to state the FAC's equitable claims.

### J.     Plaintiff is Entitled to Declaratory Relief

The fundamental basis of declaratory relief is the existence of an actual, present controversy over a proper subject. *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 79. A demurrer is properly sustained to a declaratory relief claim when it is wholly derivative of other non-viable claims. *Ball v. FleetBoston Fin. Corp.* (2008) 164 Cal.App.4th 794, 800. Here, on the other hand, an actual, present controversy exists between the parties and is premised on viable, well-pled, claims.

An actual controversy exists between Plaintiff and Defendant concerning their respective rights under the Loan. Those disputes concern, but are not limited to, the ownership rights and the validity of the commencement of the foreclosure process, and to the proper application of funds received under the Loan. (FAC at ¶¶ 123-127.) Defendant's motion misses the key point – this controversy would not have arisen but for the wrongful acts of Defendants including their failure to review Plaintiff for a loan modification in good faith. Based on the wrongful acts of the Defendant, Plaintiff requires a judicial determination of the rights, obligations, and interests of these parties as to the Subject Property, which is not encompassed by the relief requested under his other causes of action.

## VI.   CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss the First Amended Complaint in its entirety. Alternatively, should this Court rule that more detail is required to adequately plead any specific claim, Plaintiff requests that leave to amend be granted.

Dated: June 1, 2015          CONSUMER LITIGATION LAW CENTER, APC


By:   _/s/ Fernando C. Saldivar_____
          September J. Katje, Esq.
          Fernando C. Saldivar, Esq.
          Attorneys for Plaintiff
          ROBERT HEINTZE

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**CERTIFICATE OF SERVICE**

I am a resident of the State of California, over the age of eighteen (18) and not a party to the within action. My business address is 100 NORTH CITRUS STREET, SUITE 408, WEST COVINA, CA 91791. On June 1, 2015, I served the following document(s):

PLAINTIFF'S OPPOSITION TO DEFENDANT WELLS FARGO BANK N.A.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF,

On the interested parties listed below as follows:

AFRCT, LLP
Dean A. Reeves, Esq.
199 S. Los Robles Ave. Suite 600
Pasadena, CA 91101                    Attorney for Defendant Wells Fargo Bank, N.A.

☒    (BY MAIL) I deposited such envelope(s) in the mail at West Covina, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at West Covina, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the email address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☒    (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 1, 2015, at West Covina, California.

Laura Dassori
Type or Print Name                                        Signature